After an examination of the petition for writ of certiorari, it is our considered opinion that the writ is due to be denied. We note that Mr. Vaughan's appeal to the Court of Civil Appeals was not timely. A trial court does not have jurisdiction to entertain a motion to reconsider the denial of a Rule 60(b), A.R.Civ.P., motion. See Ex parte Dowling,477 So.2d 400 (Ala. 1985). Consequently, the Alabama Rules of Appellate Procedure do not suspend the running of the time for filing a notice of appeal during the pendency of a motion to reconsider the denial of a Rule 60(b) motion. See SpriggsEnterprises, Inc. v. Malbis Plantation, Inc., 502 So.2d 374
(Ala. 1987). Mr. Vaughan's notice of appeal was filed on February 25, 1988, more than 42 days from December 23, 1987, the date the trial court denied the petitioner's Rule 60(b) motion.
We note also that Mr. Vaughan filed alternative Rule 55(c), A.R.Civ.P., and Rule 60(b) motions with the trial court. The trial court denied both motions. The Rules do not contemplate the filing of a Rule 60(b) motion during the pendency of a Rule 55(c) motion. As we pointed out in Ex parte Lang,500 So.2d 3 (Ala. 1986), although the Rules do not contemplate it, they do not preclude it, either. In Ex parte Lang, both a Rule 55(c) motion and a Rule 60(b) motion had been filed with the trial court to set aside a default judgment. The Rule 55(c) motion was denied by operation of law pursuant to Rule 59.1, A.R.Civ.P. However, the trial court later granted the Rule 60(b) motion. In finding no abuse of discretion on the trial court's part in setting aside the default judgment, we stated:
 "Under Rule 59.1, the Rule 55(c) motion was denied as a matter of law on November 26, 1985 (90 days after August 28, 1985); upon that denial, the default judgment of August 12 became 'final' within the contemplation of Rule 60(b) —' [o]n motion . . . the court may relieve a party . . . from a final judgment' — and the court was free to consider the Rule 60(b) motion, which had been theretofore premature. We consider that the Rule 60(b) motion was quickened and became a pending motion as of November 27, 1985, without the necessity of a refiling. Thus, the court had jurisdiction of that motion at the time of its order granting the motion on December 3, 1985."
500 So.2d at 4-5.
As the Court recognized in Ex parte Lang, the Rules do not, at the present time, preclude the filing of alternative Rule 55(c) and 60(b) motions; however, the better practice is to file a Rule 60(b) motion only when there is a final judgment in the case.
WRIT DENIED.
JONES, SHORES, ADAMS and KENNEDY, JJ., concur.