Nellie Pledger (wife) and Willie Pledger (husband) were married in 1985. Subsequently, they petitioned to adopt three children, and on December 2, 1987, the Jefferson County Probate Court granted the adoptions. In June 1989, the father filed a Rule 60(b), Alabama Rules of Civil Procedure, motion to set aside the adoptions. On November 20, 1989, the trial court denied the Rule 60(b) motion. On December 14, 1989, the husband filed a post-judgment motion entitled "MOTION FOR JUDGEMENT NOTWITHSTANDING THE VERDICT UNDER RULE 50(b), MOTION FOR NEW TRIAL UNDER RULE 59(a), MOTION TO ALTER, AMEND, MODIFY OR VACATE UNDER RULE 59(e) and MOTION FOR FINDING FACTS UNDER RULE 52." The substance of this motion was a request for the trial court to rehear or reconsider its denial of the Rule 60(b) motion. The trial court denied this request for reconsideration on February 16, 1990. The husband then filed his notice of appeal on March 2, 1990.
The dispositive issue on appeal is whether the father's appeal is untimely and due to be dismissed.
The Alabama Rules of Civil Procedure do not allow a "motion to reconsider" the denial of a Rule 60(b) motion. Leonard v.Leonard, 560 So.2d 1080 (Ala.Civ.App. 1990). Therefore, the trial court does not have jurisdiction to entertain such a motion. Ex Parte Vaughan, 539 So.2d 1060 (Ala. 1989). Further, the Supreme Court of Alabama has stated that the Alabama Rules of Appellate Procedure do not suspend the running of the time for filing a *Page 1250 
notice of appeal during the pendency of a motion to reconsider the denial of a Rule 60(b) motion. Vaughan, supra; SpriggsEnterprises, Inc. v. Malbis Plantation, Inc., 502 So.2d 374
(Ala. 1987).
The dates in Vaughan and Spriggs are analogous to the dates in the present case. In each case the notice of appeal was filed more than forty-two days from the date the trial court denied the petitioner's Rule 60(b) motion, but within forty-two days from the denial of the motion to reconsider. There our supreme court held that the motion to reconsider did not suspend the running of the time for filing the notice of appeal and that the appeal was untimely.
Here, the trial court denied the husband's motion for relief from judgment pursuant to Rule 60(b) on November 20, 1989. This appeal was not filed until March 2, 1990. Therefore, on the authority of Vaughan and Spriggs Enterprises, we have no alternative but to dismiss this case as it is untimely filed.
APPEAL DISMISSED.
ROBERTSON and RUSSELL, JJ., concur.