THIGPEN, Judge.
In August 1989, Adamar of New Jersey, Inc. (Adamar), received a judgment against Jack G. Levine, Jr. in the Superior Court of New Jersey, Atlantic County, in the amount of $8,238.94, together with costs of suit. In December 1990, Adamar sought enforcement of that judgment in the Circuit Court of Jefferson County, Alabama, by filing a “Notice of Filing of Foreign Judgment” pursuant to the Uniform Enforcement of Foreign Judgments Act (UEFJA), Ala.Code 1975, § 6-9-230 et seq. In August 1991, Adamar caused to be issued two processes of garnishment against Levine, neither of which was successful. On August 15, 1991, Levine filed a “Motion to Satisfy or Quash Judgment of Record,” pleading accord and full satisfaction. The motion was accompanied by Levine’s affidavit stating that Adamar agreed in January 1991 to settle its claim upon payment by Levine of $790. Levine’s check was received and cashed by Adamar. Adamar filed its response, together with supporting affidavits, admitting receipt of the funds, but denying any accord and satisfaction. Levine contended that his check, together with a restrictive endorsement thereon, which stated “in full accord and satisfaction of all outstanding markers” amounted to an accord and satisfaction upon Ada-mar’s endorsing and cashing same. Upon hearing the evidence and argument of counsel, the Jefferson Circuit Court determined that there was no accord and satisfaction, and denied Levine’s motion. Levine’s motion for reconsideration was denied, and Levine appeals.
The appeal is due to be dismissed. The UEFJA provides:
“A copy of any foreign judgment authenticated in accordance with an act of Congress or the statutes of this state may be filed in the office of the clerk of any circuit court of this state. A clerk of any circuit court shall note the filing in a special docket set up for foreign judgments. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a circuit court of this state and may be enforced or satisfied in like manner. ...”
Ala.Code 1975, § 6-9-232.
There is no dispute that a valid, enforceable judgment was rendered against Levine in New Jersey in August 1989. There is likewise no dispute that a copy of that judgment was properly filed in the clerk’s office in Jefferson County in accordance with the UEFJA, and that Levine was properly served. That judgment provided by the UEFJA “has the same effect ... as a judgment of a circuit court of this state.” Ala.Code 1975, § 6-9-232. Accordingly, any motion to alter, amend, or vacate the judgment in accordance with Rule 59(e), A.R.Civ.P., must be filed within thirty days of entry of the judgment. Levine’s motion, filed approximately eight months after the filing of the judgment in Alabama, was not timely for purposes of Rule 59(e), A.R.Civ.P. The nomenclature of a motion is not controlling. Rebel Oil Co. v. Pike, 473 So.2d 529 (Ala.Civ.App.1985). We conclude that Levine’s motion is brought to seek relief from the judgment on account of accord and satisfaction, and therefore *1220 seeks relief for “any other reason justifying relief from the operation of the judgment.” Rule 60(b)(6), A.R.Civ.P. The Jefferson Circuit Court denied that motion on January 7, 1992. Levine’s “Motion for Reconsideration” was overruled February 7, 1992. “The Alabama Rules of Civil Procedure do not allow a ‘motion to reconsider’ the denial of a Rule 60(b) motion.” Pledger v. Pledger, 570 So.2d 1249, 1249 (Ala.Civ.App.1990). Additionally, our Supreme Court has stated that “the Alabama Rules of Appellate Procedure do not suspend the running of the time for filing a notice of appeal during the pendency of a motion to reconsider the denial of a Rule 60(b) motion.” Ex parte Vaughan, 539 So.2d 1060, 1061 (Ala.1989). Levine's notice of appeal, having been filed March 6, 1992, was therefore filed more than 42 days after January 7, 1992, the date of the trial court’s denial of the Rule 60(b) motion. In view of the above, and on the authority of Pledger, supra, and Vaughan, supra, we have no alternative but to dismiss this case as untimely filed.
APPEAL DISMISSED.
ROBERTSON, P.J., and RUSSELL, J., concur.