TAYLOR, Presiding Judge.
The petitioner, George M. Zamudio, filed this petition for a writ of mandamus asking this court to direct the Eighth Judicial Circuit of Alabama to return to him $1,200 that was seized at the time of his arrest in November 1988. Zamudio contends in his petition that he has filed numerous motions requesting that the money be returned to him and that all of the motions have been denied. The district attorney for Morgan County filed a response to the petition for mandamus stating that the state never sought to condemn the money, the state did not intend to commence any condemnation proceedings and, in fact, the state intends to return the money after post-conviction proceedings for the petitioner’s codefendant are final, a date that is uncertain. We understand that the petitioner was convicted of an offense involving drugs and that this money was originally seized as evidence. The state contends that there is still a possibility, after almost seven years, that the money may be used as evidence in a future trial if the petitioner’s codefendant’s conviction is overturned and he is retried.
The record is not sufficient for this court to rule on the correctness of the circuit court’s denial of the petitioner’s motions. “For this reason, we remand this case to the trial court with instructions to conduct an *167 evidentiary hearing to determine [petitioner’s] interest in the property and to determine whether the property should be returned to him.” Dailey v. State, 640 So.2d 1059, 1060 (Ala.Cr.App.1993), on remand, 640 So.2d 1060 (Ala.Cr.App.1994).
The court is directed to hold a hearing at which it shall elicit testimony concerning the circumstances surrounding the seizure of the property, the petitioner’s interest, if any, in the property, whether the petitioner is the sole owner or claimant of the property, and the cause for the delay in returning the property to the petitioner. Two questions the trial court should ask include: Is there a method for substituting replacement dollars for the dollars intended to be used as evidence in a possible future prosecution of the codefendant? If it appears that simple solutions are not being employed, are there additional facts in this case which are not yet in evidence? The Circuit Court for the Eighth Judicial Circuit is directed to make findings of fact and file with this court those findings together with the transcript of record of the hearing, within 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS 
All the Judges concur.