The State petitions for a writ of mandamus directing the Court of Civil Appeals to rescind an order it entered in Exparte Baker, (No. 2960613, May 13, 1997) ___ So.2d ___ (Ala.Civ.App. 1997) (table). We grant the petition.
 I.
Robert J. Baker, Jr., was convicted in the Circuit Court of Marshall County of robbery in the first degree. His conviction resulted from his participation in the robbery of a branch of First Alabama Bank in which a total of $8,480 was taken. On the day Baker was arrested, $1,955 in currency was seized as evidence from the home of Baker's father, *Page 334 
pursuant to a validly executed consent to search the premises. The money was subsequently entered into evidence at Baker's criminal trial as evidence of his involvement in the bank robbery. Baker petitioned the Court of Civil Appeals for a writ of mandamus directing Marshall County Circuit Judge William G. Gullahorn to order law enforcement officials to turn over to him $1,942 of the money seized. He alleged in his petition that $1,942 of his personal property had been wrongfully taken from the home of his father; that he had repeatedly asked Judge Gullahorn for an order directing the return of his personal property; and that the judge had refused to set a civil forfeiture hearing. The Court of Civil Appeals granted Baker's petition and issued the writ of mandamus.
The attorney general moved for a stay in the Court of Civil of Appeals, requesting an opportunity to file an answer to Baker's mandamus petition; the attorney general argued that the State had not been given an opportunity to respond to the petition. The Court of Civil Appeals granted the stay. The attorney general then filed a response on behalf of the State, asserting that the Court of Civil Appeals did not have jurisdiction to issue a writ in this case. The Court of Civil Appeals, apparently rejecting that assertion, dissolved the stay. The State responded by filing this petition, asking this Court to direct the Court of Civil Appeals to rescind the writ.
 II.
The State argues that the Court of Civil Appeals had no jurisdiction to issue the writ because, it says, the Court of Civil Appeals has no jurisdiction over matters that arise solely out of criminal prosecutions. The State argues that there was no civil forfeiture proceeding involved in this case; that the Rules of Criminal Procedure specifically provide a procedure for the return of property seized during a criminal investigation; and that the State has no other adequate remedy because if the evidence is returned to Baker, it will be futile for the State to appeal. The State further contends that because the money was seized as evidence in a criminal case, and was introduced as evidence in a criminal trial, the Court of Civil Appeals had no jurisdiction to issue the writ, and that jurisdiction over the case is vested exclusively in the Court of Criminal Appeals or this Court.
In response, Baker argues that the property was his; that the seizure of that property amounted to a civil forfeiture; and, thus, that he should have been given notice by the State of a civil forfeiture hearing. He contends that his only recourse was to petition the Court of Civil Appeals for a writ of mandamus.
 III.
The issue before us is whether the Court of Civil Appeals has jurisdiction to issue a remedial writ related to property seized in a criminal investigation and introduced as evidence in a criminal trial. The State argues that the Court of Civil Appeals had no jurisdiction to issue the writ because the money that was seized was used as evidence in a criminal trial; that the seizure of the money was thus a criminal law matter; and that appellate jurisdiction over criminal matters is vested exclusively in the Court of Criminal Appeals. Based on our interpretation of Ala. Code 1975, §§ 12-3-9, 12-3-10, and12-3-11, we agree with the State.
Ala. Code 1975, § 12-3-11, provides:
 "Each of the courts of appeal shall have and exercise original jurisdiction in the issuance and determination of writs of quo warranto and mandamus in relation to matters in which said court has appellate jurisdiction. Each court shall have authority to grant injunctions and issue writs of habeas corpus and such other remedial and original writs as are necessary to give it a general superintendence and control of jurisdiction inferior to it and in matters over which it has exclusive appellate jurisdiction. . . ."
Sections 12-3-9 and 12-3-10 further provide that the Court of Criminal Appeals has exclusive appellate jurisdiction over all criminal matters and that the Court of Civil Appeals has exclusive appellate jurisdiction over all civil matters in which the amount in controversy does not exceed $50,000. When these sections are read together, it is clear that the Court of Civil Appeals has jurisdiction to issue writs of mandamus only as to matters arising out of civil proceedings. *Page 335 
The Court of Civil Appeals granted Baker's petition for writ of mandamus on the authority of Adams v. State ex rel.Whetstone, 598 So.2d 967 (Ala.Civ.App. 1992). It is unclear to us how that case gives the Court of Civil Appeals jurisdiction to issue the writ it issued in this case. In Adams, the action arose strictly out of a civil forfeiture proceeding initiated by the State, and there was no question regarding the court's jurisdiction. However, in this case, there was no civil forfeiture proceeding involved and the State did not seek forfeiture of the money as proceeds of the robbery. Instead, the State simply seized the money pursuant to a validly executed search warrant and introduced it as evidence in Baker's criminal trial for first-degree robbery.
Given the Court of Civil Appeals' reliance uponAdams, it is apparent that that court mistakenly determined that there had been a civil forfeiture of Baker's property and that it thus assumed jurisdiction based upon its having exclusive jurisdiction over all civil matters. However, because this action arose solely out of a criminal prosecution and because the Court of Civil Appeals has no appellate jurisdiction over criminal matters, that court had no jurisdiction to issue a writ of mandamus ordering the return of property seized in a criminal investigation and introduced as evidence in a criminal trial. Had this case arisen from a civil forfeiture proceeding, as Adams did, the Court of Civil Appeals could have issued the writ of mandamus pursuant to its jurisdiction over civil matters.
We conclude that Baker's petition to the Court of Civil Appeals sought relief in regard to a purely criminal law matter, a matter over which the Court of Civil Appeals has no jurisdiction. The Court of Civil Appeals is directed to rescind its May 13, 1997, order in Baker v. State, case no. 2960613.
WRIT GRANTED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, COOK, and SEE, JJ., concur.