PER CURIAM.
The appellant, Walter Reeves, filed this petition for a writ of mandamus directing Judge Dan C. King to order the return of his 1976 Cadillac Seville automobile that was seized when he was arrested for violating Alabama’s controlled-substance act. Reeves was charged with possessing cocaine; the case against him was subsequently dismissed. Reeves contends in his petition that, after the case was dismissed, the court entered an order for the return of his vehicle. When his vehicle was not returned, Reeves filed a motion in the circuit court requesting the return of his vehicle. The motion was set for a hearing in December 2001. No hearing was held; this petition followed.
Initially, we ordered that a response to the petition be filed within 21 days because Reeves had alleged in his petition that “[n]o action of forfeiture or any other styled pleading has been filed to confiscate petitioner’s property, to wit: 1976 Seville Cadillac.” According to the Alabama Supreme Court in State v. Baker, 703 So.2d 333 (Ala.1997), this Court has exclusive jurisdiction of cases where property has been seized as a result of a criminal arrest and no civil forfeiture action has been initiated. In Baker, the Supreme Court stated:
“[I]n this case, there was no civil forfeiture proceeding involved and the State did not seek forfeiture of the money as proceeds of the robbery. Instead, the State simply seized the money pursuant to a validly executed search warrant and introduced it as evidence in Baker’s criminal trial for first-degree robbery.
“... However, because this action arose solely out of a criminal prosecution and *835 because the Court of Civil Appeals has no appellate jurisdiction over criminal matters, that court had no jurisdiction to issue a writ of mandamus ordering the return of property seized in a criminal investigation and introduced as evidence in a criminal trial.”
703 So.2d at 335.
However, the response to the mandamus petition reflects that a formal civil forfeiture action was commenced in this case. The State has attached copies of numerous court documents related to the civil forfeiture action. (Circuit court no. CV-98-0032.) Because it appears that this petition is related to a civil forfeiture, jurisdiction of this case is properly with the Court of Civil Appeals, not this Court. The Alabama Supreme Court in Baker noted that civil forfeiture actions that fit within the monetary amounts provided in § 12-3-10, Ala.Code 1975, are within the jurisdiction of the Court of Civil Appeals. Baker, 703 So.2d at 334.
This case is therefore transferred to the Court of Civil Appeals.
CASE TRANSFERRED.
McMILLAN, P.J., and COBB, ' BASCHAB, SHAW, and WISE, JJ., concur.