PITTMAN, Judge.
Robert Favors, an individual doing business under the name New Life Lawn Care, appeals from the denial, as moot, of his motion seeking relief from a Florida default judgment filed in the Mobile Circuit Court by Skinner’s Wholesale Nursery, Inc. (“Skinner’s”). We dismiss the appeal as untimely.
In May 1999, Skinner’s filed a notice in the Mobile Circuit Court pursuant to Alabama’s Uniform Enforcement of Foreign Judgments Act (“UEFJA”), § 6-9-230 et seq., Ala.Code 1975, averring that a valid judgment in favor of Skinner’s had been entered against Favors by a Florida court, that the judgment had not been satisfied, and that pursuant to that judgment Favors owed Skinner’s $1,502.05 plus court costs. A certified copy of the Florida judgment was attached to the notice; that judgment is labeled a “final judgment after default” and bears a filing date of February 25, 1999. In response to the filing by Skinner’s, the clerk of the circuit court issued to Favors a Unified Judicial System Form C-70 (“Notice of Filing of Foreign Judgment”) stating that the Florida judgment had been filed of record and informing Favors that that judgment was “subject to the same procedures, defenses and proceedings for reopening, vacating, or staying” as the judgment of an Alabama circuit court and that it “may be enforced or satisfied in like manner.”
On August 11,1999, approximately three months after the Florida judgment was filed in the trial court, Favors filed a “motion to set aside” the judgment and also sought to quash garnishment proceedings based upon the judgment that had been directed to the holder of one of Favors’s financial accounts. In that motion, which we construe as a Rule 60(b), Ala. R. Civ. P., motion for relief from the judgment because it was filed more than 30 days after the judgment was entered (see, e.g., Brown v. Foster, 777 So.2d 715 (Ala.Civ.App.2000)), Favors averred that the Florida judgment was void because, he said, the Florida court had lacked in 'personam jurisdiction. According to Favors’s motion, the contract made the basis of Skinner’s claim in the Florida court was entered into in Alabama and shipment of the (purportedly defective) goods made the subject of the contract was made to Favors in Alabama.
In support of his motion, Favors filed an affidavit in which he testified that he did business in Mobile, Alabama, as New Life *361 Lawn Care. Favors averred that he had seen a Skinner’s product at a trade show in Mobile and had ordered a certain quantity of that product; however, according to Favors, the product shipped to him did not conform to his order and he rejected the shipment. Favors further testified that Skinner’s had reclaimed some, but not all, of the product from him in Mobile, after which Skinner’s demanded payment of its bill for the goods; Favors denied owing the sums stated in that bill. Favors also testified that he had never traveled to Florida, that he had not met with any representatives of Skinner’s in Florida, and that the entire transaction made the basis of the claim in the Florida court “arose in Alabama based upon a trade show” in Mobile that Skinner’s had attended.
On the same day that Favors’s motion was filed, the trial court entered an order quashing the garnishment proceedings directed to Favors’s credit-union account and set the matter for a hearing “on the allegation that the judgment is void due to lack of in personam jurisdiction over the Defendant, Robert Favors.” The trial court’s case-action-summary sheet bears a notation dated February 4, 2000, indicating that there would be no hearing on the jurisdictional challenge to the Florida judgment and that the ease was set for disposition on March 10, 2000, because the ease was “reported settled.” However, no such dispositional hearing appears to have taken place. In September 2000 and February 2001, Favors filed motions seeking findings of contempt based upon alleged attempts to enforce the Florida judgment; the first of those motions was “dismissed without prejudice,” and the second was denied as “moot.”
In July 2001, counsel for Favors, in a letter addressed to the trial court judge, stated that Favors’s Rule 60(b) motion remained pending and requested that that motion be set for a evidentiary hearing at the earliest possible time. In November 2001, Skinner’s filed a motion to hold a hearing on Favors’s Rule 60(b) motion. According to a second letter from Favors’s counsel appearing in the record, the case was set for a hearing on February 22, 2002, but was not reached.
On August 13, 2002, Favors filed what was labeled an “objection” to a motion purportedly filed by Skinner’s to deem Favors’s Rule 60(b) motion as moot. The motion to which that “objection” refers does not appear in the record, and the case-action-summary sheet does not indicate the filing of such a motion. However, on August 15, 2002, the trial court entered an order denying Favors’s Rule 60(b) motion as moot and permitting Skinner’s to proceed with garnishment proceedings. On August 21, 2002, Favors filed a motion requesting that the trial court “reconsider” its ruling on his Rule 60(b) motion, contending that the matter was not, in fact, moot. On September 23, 2002, the trial court made a handwritten notation on that motion purporting to deny it. Favors filed a notice of appeal on November 4, 2002, seeking review of the August 15 and September 23, 2002, rulings.
“Although neither party has argued this issue to this court, ‘ “[t]he timely filing of a notice of appeal is a jurisdictional act.” ’ Allen v. Independent Fire Ins. Co., 743 So.2d 490, 492 (Ala.Civ.App.1999) (quoting Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App.1985)). Further, ‘ “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” ’ Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). The failure to appeal *362 within the prescribed time is fatal and requires the dismissal of the appeal.”
Brown v. Brown, 808 So.2d 40, 42 (Ala.Civ.App.2001).
Under the UEFJA, as the Form C-70 sent by the trial court clerk to Favors correctly noted, an authenticated foreign judgment filed in the office of a circuit court clerk “has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a circuit court of this state and may be enforced or satisfied in like manner.” Ala.Code 1975, § 6-9-232. Under the Alabama Rules of Civil Procedure, once a judgment has been entered for more than 30 days, the proper method for reopening a judgment of a circuit court is by filing a motion pursuant to Rule 60(b), Ala. R. Civ. P. Favors’s August 11, 1999, motion, which challenged the validity of the Florida judgment on personal-jurisdiction grounds, is properly construed as a motion seeking relief under subsection (4) of Rule 60(b). See Greene v. Connelly, 628 So.2d 346, 350 (Ala.1993). The trial court’s order of August 15, 2002, which deemed Favórs’s Rule 60(b) motion to be moot and permitted Skinner’s to proceed with garnishment proceedings, treated the Florida judgment as valid and effectively denied Favors’s motion for relief from that judgment.
Under Alabama law, once the trial court entered its order denying Favors’s Rule 60(b) motion on August 15, 2002, the sole remedy available to Favors was a timely appeal from that order. See Ex parte Keith, 771 So.2d 1018 (Ala.1998) (holding that a trial court does not have jurisdiction to “reconsider” denial of motion for relief from judgment). However, rather than filing a notice of appeal within 42 days of the entry of the trial court’s order, as required by Rule 4(a), Ala. R.App. P., Favors impermissibly sought “reconsideration” of that order and delayed filing his notice of appeal until November 4, 2002, 81 days after the trial court’s order was entered.
The facts of this case closely parallel those of Levine v. Adamar of New Jersey, Inc., 612 So.2d 1218 (Ala.Civ.App.1992), in which we dismissed an appeal taken more than 42 days after a defendant seeking relief from a foreign judgment filed in Alabama pursuant to the UEFJA had been denied relief by the trial court in whose clerk’s office the judgment had been filed:
“There is ... no dispute that a copy of that judgment was properly filed in the clerk’s office in Jefferson County in accordance with the UEFJA, and that [the defendant] was properly served. That judgment provided by the UEFJA ‘has the same effect ... as a judgment of a circuit court of this state.’ Ala.Code 1975, § 6-9-232. Accordingly, any motion to alter, amend, or vacate the judgment in accordance with Rule 59(e), [Ala. R. Civ. P.], must be filed within thirty days of entry of the judgment. [The defendant’s] motion, filed approximately eight months after the filing of the judgment in Alabama, was not timely for purposes of Rule 59(e), [Ala. R. Civ. P.] ... We conclude that [the defendant’s] motion is brought to seek relief from the judgment on account of accord and satisfaction, and therefore seeks relief for ‘any other reason justifying relief from the operation of the judgment.’ Rule 60(b)(6), [Ala. R. Civ. P.] The Jefferson Circuit Court denied that motion on January 7, 1992. [The defendant’s] ‘Motion for Reconsideration’ was overruled February 7, 1992. ‘The Alabama Rules of Civil Procedure do not allow a “motion to reconsider” the denial of a Rule 60(b) motion.’ Pledger v. Pledger, 570 So.2d 1249, 1249 (Ala.Civ.App.1990). Additionally, our Supreme *363 Court has stated that ‘the Alabama Rules of Appellate Procedure do not suspend the running of the time for filing a notice of appeal during the pen-dency of a motion to reconsider the denial of a Rule 60(b) motion.’ Ex parte Vaughan, 539 So.2d 1060, 1061 (Ala.1989). [The defendant’s] notice of appeal, having been filed March 6, 1992, was therefore filed more than 42 days after January 7, 1992, the date of the trial court’s denial of the Rule 60(b) motion. In view of the above, and on the authority of Pledger, supra, and Vaughan, supra, we have no alternative but to dismiss this case as untimely filed.”
612 So.2d at 1219-20.
As we stated in Brown, “[t]he failure to appeal within the prescribed time is fatal and requires the dismissal of the appeal.” 808 So.2d at 42. Based upon the foregoing facts and authorities, we must conclude that Favors’s appeal was untimely and is due to be dismissed.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY and THOMPSON, JJ., concur.
MURDOCK, J., concurs in the result.