By a "Certificate of Transfer" the Court of Criminal Appeals has transmitted the record and briefs in this case to us. We return these materials to that court, but we supply an explanation that will be helpful to that court as well as the Court of Civil Appeals.
The "Certificate of Transfer" reads:
 "The appellant in the above-referenced cause is appealing the trial court's order dismissing his civil claim pursuant to § 6-5-260, Ala. Code 1975, wherein the appellant sought return of $2,700 which he alleged was taken from his person incident to two separate arrests in 1990. Because this is an appeal from the dismissal of a civil claim, the appeal was originally transmitted to the Court of Civil Appeals. However, on January 28, 2003, the Court of Civil Appeals transferred the appeal to this Court for lack of subject-matter jurisdiction. Although the Court of Civil Appeals stated no basis for this determination in its transfer notice, this Court believes that this determination (lack of subject-matter jurisdiction) was based upon the Court of Civil Appeals' misinterpretation of the Supreme Court's holding in State v. Baker, 703 So.2d 333 (Ala. 1997).
 "In Baker, the Court of Civil Appeals had granted Baker's petition for a writ *Page 1074 
of mandamus directing a circuit judge to order law enforcement officials to turn over money that was allegedly seized in a lawful search and later used as evidence in a criminal trial. Thereafter, the Attorney General moved the Court of Civil Appeals for a stay and requested an opportunity to respond to Baker's petition, which request was granted. The Attorney General then responded by asserting that the Court of Civil Appeals lacked jurisdiction to issue the writ in this case. After the Court of Civil Appeals rejected the State's response, the State then petitioned the Supreme Court to direct the Court of Civil Appeals to rescind its writ. In granting the State's petition, the Supreme Court distinguished the facts in Baker from the facts in Adams v. State ex rel. Whetstone, 598 So.2d 967
(Ala.Civ.App. 1992), the case upon which the Court of Civil Appeals relied as authority for granting Baker's petition. In distinguishing these cases, the Supreme Court noted that the action in Adams arose out of a civil forfeiture action, but noted that no civil forfeiture action had been initiated in Baker.
 "This Court notes that the action in this appeal, like the action in Adams, arose out of a civil proceeding, and because this Court has no appellate jurisdiction over conversion actions initiated pursuant to § 6-5-260, Ala. Code 1975, the Court of Criminal Appeals Orders that this appeal be and the same is hereby Transferred to the Supreme Court for that court to determine which appellate court, if any, does in fact have jurisdiction of this appeal."
On the one hand, the particular jurisdictional analysis contained in the "Certificate of Transfer" is correct. State v. Baker, 703 So.2d 333
(Ala. 1997), is distinguishable from the instant case. The reason the Court of Civil Appeals had no subject matter jurisdiction in Baker is that no party in Baker had filed any civil action, see Rules 2 and 3, Ala.R.Civ.P., and Baker, the party seeking relief, had filed only a petition in the Court of Civil Appeals for a writ of mandamus directing a judge who had tried a robbery case to order law enforcement officials to relinquish to Baker certain cash that had been seized in a search and introduced as evidence in the robbery trial, a matter within the exclusive appellate jurisdiction of the Court of Criminal Appeals, see §§ 12-3-9
and 12-3-11, Ala. Code 1975. In the instant case, the plaintiff-appellant Robert C. Gill has filed a civil action to recover monies, or compensation for monies, that have never been introduced into evidence in any criminal proceeding. Thus, if any appellate court has appellate jurisdiction of the instant case (and we will discuss this qualification), the Court of Civil Appeals is the one.
On the other hand, the Court of Criminal Appeals should not have purported to transfer this case to us. The only provisions in our law for the transfer of cases from the courts of appeals to this Court are §§12-1-4 and 12-3-14, Ala. Code 1975. Section 12-1-4 provides:
 "When any case is submitted to the Supreme Court which should have gone to one of the courts of appeals or is submitted to one court of appeals when it should have gone to the other, it must not be dismissed but shall be transferred to the proper court; and, when any case is submitted to a court of appeals which should have gone to the Supreme Court, it shall be transferred to the Supreme Court." (Emphasis added.)
Section 12-3-14 provides:
 "When it is deemed advisable or necessary for the proper dispatch of the business of the Alabama Court of Criminal Appeals, the Chief Justice of the *Page 1075 
Supreme Court, with the advice of the Supreme Court and the presiding judge of the Alabama Court of Criminal Appeals, may in writing designate any case in the Court of Criminal Appeals to be transferred to the Supreme Court for hearing and final determination by that court. Such written designation shall be entered upon the minutes of each of the courts, and the Clerk of the Court of Criminal Appeals shall deliver to the Clerk of the Supreme Court the transcript of the record and all other papers in the cases so designated, together with copies of any orders that may be made in any such cases by the Court of Criminal Appeals. Upon the making or entering of such designation, the jurisdiction and control of the Court of Criminal Appeals over the designated case shall cease and terminate." (Emphasis added.)
Neither the instant case nor its procedural posture meets the criterion of § 12-1-4 or the criteria of § 12-3-14 for transfer to the Supreme Court. This Court has no original appellate jurisdiction of this case, see §§ 12-3-10 and 12-2-7(1), Ala. Code 1975, as § 12-1-4
would require; and the Chief Justice has not, with the requisite advice, designated this case for "final determination" by this Court as §12-3-14 contemplates. Rather, under these circumstances, § 12-1-4
authorizes only a retransfer to the Court of Civil Appeals. Thus, we cannot accept this case, and we must return the record and briefs to the Court of Criminal Appeals.
When the case finally returns to the Court of Civil Appeals, as we anticipate it will, that court may want first to determine whether the amount in controversy met the minimum threshold for the subject matter jurisdiction of the circuit court, § 12-11-30, Ala. Code 1975, where Gill filed this civil action. Unless the circuit court had such subject matter jurisdiction, its power was limited to transferring the case to the district court, see § 12-11-9, Ala. Code 1975, and the power of the Court of Civil Appeals would be limited to addressing this jurisdictional defect in the order by the circuit court, see Ex parteSmith, 438 So.2d 766, 768 (Ala. 1983) (holding that "[l]ack of subject matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject matter jurisdiction exmero motu"). Whether the appeal should be so circumscribed, however, should be decided by an appellate court which at least otherwise has appellate jurisdiction, as we do not.
We therefore order that the record and briefs be returned to the Court of Criminal Appeals.
CASE RETURNED TO COURT OF CRIMINAL APPEALS.
HOUSTON, SEE, LYONS, BROWN, HARWOOD, and STUART, JJ., concur.
WOODALL, J., concurs in the result.