Walter Reeves appeals from the denial of his motion for relief from a judgment forfeiting his 1976 Cadillac automobile to the State of Alabama pursuant to § 20-2-93, Ala. Code 1975, which provides for forfeiture of automobiles used or intended to be used to transport, or to facilitate the transport, sale, receipt, possession, or concealment of, a controlled substance. We dismiss the appeal because Reeves's notice of appeal, which was filed on August 8, 2003, was not timely filed so as to invoke our appellate jurisdiction.
The record reveals that on January 15, 1998, the State sought forfeiture of the automobile, which had been seized on October 10, 1997, by filing an in rem action in the Jefferson Circuit Court, Bessemer Division. On March 10, 1998, the State moved for the entry of default and for a default judgment based upon the failure or refusal of Reeves to answer or otherwise appear in the action. Affidavits of the State's attorney and a Jefferson County sheriff's deputy filed in support of the State's motion stated that the automobile had been seized along with 2 kilograms of cocaine in Reeves's possession; that Reeves had intended to use, and had used, the automobile to facilitate the violation of controlled-substances laws; that Reeves had been served with the complaint on January 26, 1998; and that more than 30 days had elapsed following service. The trial court entered a default judgment in favor of the State on March 17, 1998.
In 2001, Reeves filed a motion in the trial court requesting that the automobile be returned to him, arguing that criminal charges concerning possession of the cocaine had been dismissed and that the return of his automobile had been ordered in that case. After the trial court failed to hold a hearing on his motion, Reeves petitioned for mandamus relief in the Court of Criminal Appeals; that court transferred his petition to this court, where it was denied without an opinion. See Ex parteReeves, 834 So.2d 834 (Ala.Crim.App. 2002), and Ex parteReeves (No. 2010829, June 4, 2002), 863 So.2d 1174 (Ala.Civ.App. 2002) (table).
On October 16, 2002, Reeves filed a motion requesting that the trial court set aside its default judgment on the basis that that judgment was void. Because Reeves's motion was filed more than 30 days after the entry of the default judgment, it is properly construed as a motion for relief from that judgment under subsection (b) of Rule 60, Ala. R. Civ. P. See Ex parte King,776 So.2d 31, 35 (Ala. 2000). After a hearing on Reeves's motion, the trial court entered an order on May 7, 2003, denying Reeves's Rule 60(b) motion.
Although "the denial of a Rule 60(b) motion is an appealable order," Ex parte *Page 874 King, 821 So.2d 205, 209 (Ala. 2001), Reeves did not file a notice of appeal within 42 days of the May 7, 2003, order, as required by Rule 4(a)(1), Ala. R.App. P. Reeves did file, on May 30, 2003, a "petition for reconsideration" of the trial court's order denying his Rule 60(b) motion; however, the Alabama Rules of Civil Procedure do not allow a "motion to reconsider" the denial of a Rule 60(b) motion." Pledger v. Pledger,570 So.2d 1249 (Ala.Civ.App. 1990). Moreover, "the Alabama Rules of Appellate Procedure do not suspend the running of the time for filing a notice of appeal during the pendency of a motion to reconsider the denial of a Rule 60(b) motion." Ex parteVaughan, 539 So.2d 1060, 1061 (Ala. 1989); see also Ex parteKeith, 771 So.2d 1018, 1022 (Ala. 1998), and Favors v.Skinner's Wholesale Nursery, Inc., 860 So.2d 359 (Ala.Civ.App. 2003).
As we noted in Favors, the timely filing of a notice of appeal is a jurisdictional act, and jurisdictional matters are of such magnitude that we take notice of them at any time, even exmero motu. 860 So.2d at 361. The failure to appeal within the prescribed time is fatal and requires the dismissal of the appeal. Id. Because Reeves did not file a notice of appeal within 42 days of the trial court's May 7, 2003, order denying his Rule 60(b) motion for relief from the trial court's March 17, 1998, judgment, and because his "petition for reconsideration" did not toll the time for filing a notice of appeal, Reeves's appeal is due to be dismissed.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.