Jeffro Jones ("the defendant") was arrested at his home, pursuant to a search warrant, by officers of the Birmingham Narcotics Unit on October 18, 1996, at which time police officers found, among other things, several marijuana plants, numerous plastic sandwich bags containing marijuana, $19,201 in United States currency, and several firearms. In November 1996, the State of Alabama initiated a civil action in the Jefferson Circuit Court (case number CV-96-6515) seeking a judgment declaring forfeit the currency and firearms found at the time of the defendant's arrest; the defendant subsequently answered the complaint. The circuit court entered a judgment granting the relief requested by the State in January 1997, and no appeal was taken from that judgment. The defendant was subsequently indicted for the offenses of trafficking in marijuana and failure to affix tax stamps, and criminal proceedings were initiated against the defendant in the Jefferson Circuit Court in case number CC-97-4480; those proceedings resulted in a judgment of conviction entered in August 2000. The defendant's appeal from that judgment of conviction was affirmed by the Court of Criminal Appeals, without a published opinion. Jones v. State (No. CR-00-0163), 836 So.2d 1002 (Ala.Crim.App. 2002) (table).
On December 18, 2003, the defendant filed, in the criminalproceeding (case number CC-97-4480), a "motion for release of seized property and United States currency," averring that his property and currency had been unlawfully seized. The trial court entered an order on January 2, 2004, denying the defendant's motion, and the defendant appeals.
Although the defendant's appeal was transmitted to the Court of Criminal Appeals, that court transferred the appeal to this court on February 20, 2004, opining that the appeal appeared to arise out of a civil conversion action. After reviewing the record and the briefs of the parties, we must conclude that this court lacks jurisdiction to decide the defendant's appeal. *Page 1229 
In Ex parte Baker (No. 2960613), 720 So.2d 1067 (Ala.Civ.App. 1997) (table), this court issued a writ of mandamus directing a trial-court judge to return money that the petitioner, Robert J. Baker, Jr., alleged had been wrongfully seized by law-enforcement officials incident to an arrest. However, the Alabama Supreme Court, in State v. Baker, 703 So.2d 333 (Ala. 1997), entered a judgment directing this court to rescind our order issuing that writ. In its opinion, the Alabama Supreme Court framed the issue as being "whether the Court of Civil Appeals has jurisdiction to issue a remedial writ related to property seized in a criminal investigation and introduced as evidence in a criminal trial." 703 So.2d at 334. The Supreme Court answered that question in the negative, concluding that this court "has jurisdiction to issue writs of mandamus only as to matters arising out of civilproceedings." Id. (emphasis added). The Supreme Court further distinguished the case before it from Adams v. State ex rel.Whetstone, 598 So.2d 967 (Ala.Civ.App. 1992), upon which we had relied in issuing the writ:
 "Given the Court of Civil Appeals' reliance upon Adams, it is apparent that that court mistakenly determined that there had been a civil forfeiture of Baker's property and that it thus assumed jurisdiction based upon its having exclusive jurisdiction over all civil matters. However, because this action arose solely out of a criminal prosecution and because the Court of Civil Appeals has no appellate jurisdiction over criminal matters, that court had no jurisdiction to issue a writ of mandamus ordering the return of property seized in a criminal investigation and introduced as evidence in a criminal trial. Had this case arisen from a civil forfeiture proceeding, as Adams did, the Court of Civil Appeals could have issued the writ of mandamus pursuant to its jurisdiction over civil matters."
703 So.2d at 335 (emphasis added).
Thus, the Supreme Court's opinion reversing this court's judgment in Baker teaches that it is the nature of the underlying case, not the nature of the relief requested, that determines whether this court or the Court of Criminal Appeals is the proper appellate forum. While this court, according to §12-3-10, Ala. Code 1975, has exclusive appellate jurisdiction of all civil cases where the amount involved (less interest and costs) does not exceed $50,000, the Court of Criminal Appeals "has exclusive appellate jurisdiction over all criminal matters."Baker, 703 So.2d at 334. In this case, the defendant, whether rightly or wrongly, sought relief from the trial court in acriminal matter, not a civil case. Compare Gill v. Burrell,874 So.2d 1072 (Ala. 2003) (indicating that this court would have jurisdiction to consider an appeal from a judgment entered in acivil case denying the return of seized moneys).
Because the defendant has appealed from an order entered by the trial court in a criminal, rather than a civil, case, this court lacks appellate jurisdiction, and we must therefore transfer the appeal to the Court of Criminal Appeals for decision. See §12-1-4, Ala. Code 1975. In so doing, we express no opinion concerning the propriety of the defendant's motion or the timeliness thereof.
APPEAL TRANSFERRED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing. *Page 1230