In this proceeding we must resolve a dispute between the Court of Civil Appeals and the Court of Criminal Appeals as to which court is the appropriate appellate forum for this case. The salient facts are set forth in the opinion of the Court of Civil Appeals in Jones v. State, 900 So.2d 1227
(Ala.Civ.App. 2004): *Page 60 
 "Jeffro Jones ('the defendant') was arrested at his home, pursuant to a search warrant, by officers of the Birmingham Narcotics Unit on October 18, 1996, at which time police officers found, among other things, several marijuana plants, numerous plastic sandwich bags containing marijuana, $19,201 in United States currency, and several firearms. In November 1996, the State of Alabama initiated a civil action in the Jefferson Circuit Court (case number CV-96-6515) seeking a judgment declaring forfeit the currency and firearms found at the time of the defendant's arrest; the defendant subsequently answered the complaint. The circuit court entered a judgment granting the relief requested by the State in January 1997, and no appeal was taken from that judgment. The defendant was subsequently indicted for the offenses of trafficking in marijuana and failure to affix tax stamps, and criminal proceedings were initiated against the defendant in the Jefferson Circuit Court in case number CC-97-4480; those proceedings resulted in a judgment of conviction entered in August 2000. The defendant's appeal from that judgment of conviction was affirmed by the Court of Criminal Appeals, without a published opinion. Jones v. State
(No. CR-00-0163), 836 So.2d 1002 (Ala.Crim.App. 2002) (table).
 "On December 18, 2003, the defendant filed, in the criminal proceeding (case number CC-97-4480), a `motion for release of seized property and United States currency,' averring that his property and currency had been unlawfully seized. The trial court entered an order on January 2, 2004, denying the defendant's motion, and the defendant appeals."
Jones's appeal had originally been filed in the Court of Criminal Appeals, and that court transferred the appeal to the Court of Civil Appeals, concluding that Jones's action was a conversion action under § 6-5-260, Ala. Code 1975 ("The owner of personalty is entitled to possession thereof. Any unlawful deprivation of or interference with such possession is a tort for which an action lies."). In transferring the appeal, the Court of Criminal Appeals cited Gill v. Burrell,874 So.2d 1072 (Ala. 2003). In Gill, the plaintiff brought a civil claim pursuant to § 6-5-260, seeking return of currency he alleged was taken from him in connection with two separate arrests. The trial court dismissed the claim, and the plaintiff appealed to the Court of Criminal Appeals, which transferred the appeal to the Court of Civil Appeals. This Court approved of the reasoning of the Court of Criminal Appeals, which, in its certificate of transfer, held that, because the appeal involved the dismissal of a civil
claim, the appropriate forum for an appeal was the Court of Civil Appeals. This Court further concluded that the Court of Criminal Appeals had correctly distinguished State v.Baker, 703 So.2d 333, 335 (Ala. 1997), which held:
 "[B]ecause this action arose solely out of a criminal prosecution and because the Court of Civil Appeals has no appellate jurisdiction over criminal matters, that court had no jurisdiction to issue a writ of mandamus ordering the return of property seized in a criminal investigation and introduced as evidence in a criminal trial."
This Court in Gill observed:
 "The reason the Court of Civil Appeals had no subject matter jurisdiction in Baker is that no party in Baker had filed any civil action, see Rules 2 and 3, Ala. R. Civ. P., and Baker, the party seeking relief, had filed only a petition in the Court of Civil Appeals for a writ of mandamus directing a judge who had tried a robbery case to order law enforcement *Page 61 
officials to relinquish to Baker certain cash that had been seized in a search and introduced as evidence in the robbery trial, a matter within the exclusive appellate jurisdiction of the Court of Criminal Appeals, see §§ 12-3-9 and 12-3-11, Ala. Code 1975."
874 So.2d at 1074.
Upon transfer of the instant case from the Court of Criminal Appeals, the Court of Civil Appeals concluded that the nature of the underlying proceeding giving rise to the forfeiture controlled as to whether it had jurisdiction. Stating that "it is the nature of the underlying case, not the nature of the relief requested that determines whether [the Court of Civil Appeals] or the Court of Criminal Appeals is the proper appellate forum," 900 So.2d at 1229, and concluding that the nature of the underlying case is criminal, the Court of Civil Appeals held that it lacked jurisdiction. In so holding, the Court of Civil Appeals relied upon Baker. The Court of Civil Appeals thereupon transferred the proceeding back to the Court of Criminal Appeals. The Court of Criminal Appeals then requested the Chief Justice to order that the case be transferred to this Court for resolution of the difference of opinion between the Court of Civil Appeals and the Court of Criminal Appeals as to which appellate court had jurisdiction. The Chief Justice entered an order pursuant to § 12-3-14, Ala. Code 1975, designating this case to be transferred to this Court for a final determination of the jurisdictional issue.
The distinguishing feature of Baker, as Justice Johnstone noted in Gill, is the presence inBaker of a petition for a writ of mandamus directedto the trial judge, as opposed to a civil action against a defendant seeking recovery of property. Here, the underlying proceeding arises out of a "Motion for Release" in which Jones seeks an order requiring the State to turn over property seized during his arrest. In this posture, with the State, as opposed to the trial judge, named as the adversary, this proceeding should be treated as a civil action for conversion and is therefore governed by Gill, not Baker.
Consequently, the appropriate forum for appellate review is the Court of Civil Appeals.
Having made a final determination as to the appropriate forum for appellate review, we return this proceeding to the Court of Criminal Appeals with instructions that it transfer the case to the Court of Civil Appeals for further proceedings.
REMANDED WITH DIRECTIONS.
NABERS, C.J., and SEE, HARWOOD, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.