PITTMAN, Judge.
Roger Howard Lindsay, a pro se plaintiff, appeals from a judgment denying his request for the return of property seized incident to a criminal proceeding. We reverse and remand.
The record reflects that on November 20, 2002, a law-enforcement officer obtained a warrant to search Lindsay’s residence. After that search was conducted, numerous items were seized, including, among other things, computer disks, videotapes, a camera, and firearms. On September 20, 2004, Lindsay was convicted in the Escambia Circuit Court of both possessing and possessing with the intent to disseminate obscene material containing a visual depiction of a person under the age of 17 years, violations of §§ 13A-12-192(a) and 13A-12-192(b), Ala.Code 1975; those convictions were affirmed by the Alabama Court of Criminal Appeals. Lindsay v. State (No. CR-04-0618, Sept. 23, 2005), 945 So.2d 1098 (Ala.Crim.App.2005) (table).
On March 22, 2006, Lindsay filed what he termed a “Motion for Writ of Seizure” requesting that the State of Alabama return an extensive number of seized items to his brother, who held Lindsay’s power of attorney, because Lindsay asserted “the property in question had nothing to do with [Lindsay’s] case.” On April 5, 2006, the circuit court sua sponte denied Lindsay’s motion without stating grounds for the denial and without holding a hearing. Athough Lindsay appealed from the circuit court’s order to the Aabama Court of Criminal Appeals, that court transferred the appeal to this court on the authority of Jones v. State, 937 So.2d 59 (Ala.2006) (holding that in a case involving a request for the return of seized property, the proceeding should be treated as a civil action sounding in conversion). We agree with the Court of Criminal Appeals that this court has appellate jurisdiction in this case.
Lindsay argues that the circuit court erred in denying his motion because, he says, some of the items seized were not listed in the search warrant and therefore should be returned to his possession. The State concedes on appeal that some of the items that Lindsay requested in his motion to be returned should be returned. Lindsay concedes that he is not entitled to the return of any item associated with his convictions that constitutes contraband, i.e., items whose possession is forbidden by law, and the State correctly notes that Lindsay would also not be entitled to any property for which another person has a superior right of ownership. E.g., Dailey v. State, 640 So.2d 1060, 1060 (Ala.Crim.App.1994); and Ex parte Zamudio, 668 So.2d 166, 167 (Ala.Crim.App.1995). However, Lindsay is entitled to any other property as to which no forfeiture action has *348 been instituted (with one notable exception).[1] See Ala.Code 1975, § 20-2-93(a).
To the extent that Lindsay has attempted to collaterally attack the validity of the search warrant itself, we agree with the State that this court is without jurisdiction to address that contention. Rather, that contention goes to the validity of his convictions and is cognizable as a claim in a petition seeking postconviction relief pursuant to Rule 32, Ala. R.Crim. P.
On the basis of the State’s concession of error, we conclude that the circuit court erred in summarily dismissing Lindsay’s motion for the return of seized property. We remand this case to the circuit court for further proceedings to determine Lindsay’s interest in the property he seeks and to declare the specific items of property, if any, that should be returned to Lindsay or his agent.
REVERSED AND REMANDED.
THOMPSON and BRYAN, JJ., concur.
CRAWLEY, P.J., concurs specially.
MURDOCK, J., concurs in the result, without writing.

. With respect to the firearms that were seized from Lindsay’s home, we note that the United States Court of Appeals for the Eleventh Circuit has held that actual or constructive possession of any firearm by a convicted felon is prohibited by federal law. United States v. Howell, 425 F.3d 971, 976-77 (11th Cir.2005); accord United States v. Felici, 208 F.3d 667, 670 (8th Cir.2000). Lindsay would not be entitled to have any firearms seized from his residence held in trust for him by a third party, i.e., his brother, because such a request would permit a convicted felon's constructive possession of a firearm. 208 F.3d at 670.