PER CURIAM.
Gary Lee Olson appeals from a purported judgment of the Baldwin District Court. We dismiss the appeal because no final, appealable judgment is before us and, therefore, we lack jurisdiction.
In March 2000, Olson was arrested and charged with the crime of carrying a concealed weapon. Olson was later acquitted of that charge in the district court. On March 9, 2006, Olson filed in the district court a “motion to compel” the Baldwin County Sheriffs Department (“the Sheriffs Department”) to return to Olson a knife that had been seized from him at the time of his arrest. On March 27, 2006, the following unsigned and uninitialed entry was made on the district court’s case-action summary: “Baldwin County Sheriffs Department ordered to return to defendant all property seized in connection with this case.” On May 15, 2006, Olson, asserting that his knife had not been returned, filed another “motion to compel” the Sheriffs Department to return the *166 knife to him. On May 31, 2006, the following unsigned and uninitialed entry was made on the district court’s case-action summary: “Motion to compel Baldwin County Sheriffs Office to return property is denied for the property has been destroyed.”
On June 28, 2006, Olson filed in the district court a notice of appeal to the Baldwin Circuit Court. However, on July 31, 2006, an unsigned and uninitialed entry was made on the district court’s case-action summary stating that Olson’s appeal was denied as untimely. The circuit court did not docket Olson’s appeal. Olson subsequently filed a notice of appeal to the Court of Criminal Appeals. The Court of Criminal Appeals transferred the appeal to this court on the authority of Jones v. State, 937 So.2d 59 (Ala.2006) (stating that in a case involving a request for the return of seized property, the proceedings should be treated as a civil action for conversion).
On appeal, Olson argues that the district court erred in entering the May 31, 2006, order denying his motion to compel the Sheriffs Department to return his property.[1] However, this court does not have jurisdiction to consider Olson’s appeal because no final, appealable judgment is before us. At the time the entries were made on the case-action summary in the district court, Rule 58(b), Ala. R. Civ. P., provided, in pertinent part, that a “judgment or order, or the minute entry thereof, will be sufficient if it is signed or initialed by the judge....”[2] The supreme court has held that an order or judgment that is not signed or initialed by the trial judge is a nullity. Alfa Life Ins. Corp. v. Jackson, 906 So.2d 143, 152-53 (Ala.2005). Therefore, because they were unsigned and uninitialed, the entries of March 27, 2006; May 31, 2006; and July 31, 2006, on the case-action summary in district court are all nullities. Id. Thus, no final, appeal-able judgment is before us. “A nonfinal judgment will not support an appeal.” Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 363 (Ala.2004). Therefore, we must dismiss Olson’s appeal.[3]
APPEAL DISMISSED.
THOMPSON, P.J., and BRYAN and MOORE, JJ., concur.
PITTMAN, J., concurs specially, which THOMAS, J., joins.

. Olson attempted to comply with § 12-12-70 et seq., Ala. Code 1975, by appealing to the circuit court before appealing to an appellate court; however, his attempt was thwarted by the district court.

. Rule 58 was amended effective September 19, 2006. The new rule differs significantly from the prior rule, especially concerning the requirements for the entry of a judgment or order. Because the dates when entries were made on the case-action summary in the district court in this case predate the amendment of September 19, 2006, we quote the prior version of Rule 58. The new Rule 58(b) provides, in part, that ‘‘[a] written order or a judgment will be sufficient if it is signed or initialed by the judge....''

.The State of Alabama has moved this court to dismiss Olson’s appeal on the ground that his appeal to the circuit court was not timely filed. However, because the district court did not enter a final, appealable judgment, Olson's appeal to the circuit court was premature rather than tardy. Therefore, we deny the State's motion.