THOMAS, Judge.
In June 2006, Andrew V. Pakhomov employed Robert Tuten to represent him at his criminal trial; Billy Ware was employed as an investigator on the case. The contract between Pakhomov, Tuten, and Ware required Pakhomov to pay $65,000 in legal and investigative-services fees. Pak-homov was ultimately convicted. He had not paid Tuten and Ware all the fees due. Pakhomov executed a confession of judgment in favor of Tuten and Ware in which Pakhomov agreed that he owed Tuten and Ware $31,000. Tuten and Ware sued Pak-homov and received a summary judgment in their favor in the amount of $31,000 and an award of costs in the amount of $591.21. Pakhomov did not satisfy the judgment.
Tuten and Ware instituted a garnishment proceeding in March 2011. They served the Variable Annuity Life Insurance Company (“VALIC”), the administrator of the New Mexico Alternative Retirement Plan.[1] VALIC answered, indicating that it held $20,241.64 in nonexempt funds owned by Pakhomov. Tuten and Ware also served Pakhomov, who was incarcerated at Kilby Correctional Facility, by certified mail. The certified-mail return receipt indicated that it was signed for by a “Paul Rogers,” who was noted to be a “Capt. Kilby Correct.,” on March 30, 2011.
Based on VALIC’s answer, the trial court entered a judgment condemning the funds on April 12, 2011. Pakhomov did not file a claim of exemption before the trial court entered its condemnation order. However, Tuten and Ware had Pakhomov personally served with the same garnishment process on May 6, 2011.[2] On May 11, 2011, Pakhomov filed a claim of exemption regarding the funds held by VALIC; he claimed that the funds were 401(k) funds that were exempt from execution under both Alabama and federal law. Pakhomov did not serve his claim of exemption on Tuten and Ware.
In October 2011, Pakhomov wrote a “letter of inquiry” regarding his claim of exemption to the Madison circuit clerk. The clerk notified Pakhomov that his claim had not been timely filed and that the funds held by VALIC had been paid to Tuten and Ware. Pakhomov then filed on November 17, 2011, what he styled as a *386 “Motion to Reverse the Disbursement of Defendant’s 401(k) Funds Under Garnishment,” in which he requested that the trial court set aside the order of condemnation of the VALIC funds, which he again asserted were 401 (k) funds exempt from execution. Tuten and Ware responded to Pakhomov’s motion by disputing that the VALIC funds were 401(k) funds. Pakho-mov replied to Tuten and Ware’s response, and he attached some documentation indicating that the Alternative Retirement Plan administered by VALIC was a 401(k) plan.
The trial court entered an order on February 12, 2012, in which it determined that Pakhomov’s claim of exemption had been untimely filed and denying Pakhomov’s November 17, 2011, motion. On March 7, 2012, Pakhomov filed what purported to be a Rule 59, Ala. R. Civ. P., or Rule 60(b), Ala. R. Civ. P., motion seeking the trial court to reconsider its denial of his November 17, 2011, motion. Tuten and Ware responded on May 7, 2012, and Pakhomov replied to their response on May 22, 2012.[3] The trial court purported to deny Pakho-mov’s March 7, 2012, postjudgment motion on May 24, 2012. Pakhomov appealed on June 11, 2012.
No party has raised the issue of this court’s jurisdiction over this appeal. However, because jurisdictional matters are of such magnitude, this court is permitted to notice a lack of jurisdiction ex mero motu. See Williams v. Williams, 70 So.3d 332 (Ala.Civ.App.2009); Reeves v. State, 882 So.2d 872, 874 (Ala.Civ.App.2003). Our review of the record convinces us that Pakhomov’s appeal is untimely.
The April 12, 2011, order condemning the funds held by VALIC was a final judgment in the garnishment proceeding. See Steiner Bros. v. First Nat’l Bank of Birmingham, 115 Ala. 379, 22 So. 30 (1897).
“[T]he judgment rendered, as between the parties, the plaintiff instituting it, and the garnishee standing in the relation of a defendant, has all the properties and qualities of finality and conclusiveness of a judgment rendered in any other civil suit. A judgment against the garnishee in favor of the plaintiff, as finally and conclusively fixes and determines the liability of the garnishee and the rights of the plaintiff as if it had been rendered in a suit inter partes commenced in the ordinary mode of instituting civil suits; and such is, in effect, the declaration of the statute.... Either judgment — the one in favor of the plaintiff, or that in favor of the garnishee — concludes the rights of the parties in respect to the cause of action involved — the matter of right asserted by the one and denied by the other.”
Steiner Bros., 115 Ala. at 384, 22 So. at 31.
Pakhomov did not file a timely postjudgment motion directed toward the April 12, 2011, judgment, see Rule 59(b) (requiring that a postjudgment motion pursuant to Rule 59(e) be made within 30 days of the entry of the judgment), or appeal from it. Thus, Pakhomov’s November 17, 2011, motion, although titled a “Motion to Reverse the Disbursement of Defendant’s 401(k) Funds Under Garnishment,” could only have been a Rule 60(b) *387 motion seeking to have the trial court set aside the April 12, 2011, judgment condemning the funds held by VALIC. See Ex parte Hartford Ins. Co., 394 So.2d 933, 935 (Ala.1981) (stating that “[i]t is clear that under the new Rules of Civil Procedure, nomenclature of a motion is not controlling,” and determining that the trial court had correctly construed a motion entitled “Motion to Reinstate” to be a Rule 60(b) motion seeking to have an order dismissing the action set aside). Putting aside for a moment any question of the timeliness of the Rule 60(b) motion,[4] Pak-homov’s failure to appeal from the February 14, 2012, denial of his motion is fatal to his appeal.
“ ‘[A] trial court does not have jurisdiction to entertain a motion to reconsider the denial of a Rule 60(b), [Ala. R. Civ. P.], motion.’ ” Ex parte Jordan, 779 So.2d 183, 184 (Ala.2000) (quoting Ex parte Vaughan, 539 So.2d 1060, 1061 (Ala.1989)). Pakhomov’s March 7, 2012, motion seeking to have the trial court reconsider its February 14, 2012, ruling on his Rule 60(b) motion did not serve to toll the time for an appeal. Ex parte Keith, 771 So.2d 1018, 1022 (Ala.1998); see also Reeves v. State, 882 So.2d 872, 874 (Ala.Civ.App.2003); Moser v. Moser, 839 So.2d 664, 665 (Ala.Civ.App.2002). Thus, Pakhomov had until March 27, 2012 — 42 days after the entry of the February 14, 2012, judgment — to file his notice of appeal. See Rule 4(a)(1), Ala. R.App. P. (requiring that, except in the case of certain specified judgments or orders, a notice of appeal be filed within 42 days of the entry of judgment). Pakho-mov’s June 11, 2012, notice of appeal was untimely filed. Because the timely filing of a notice of appeal is a jurisdictional act, Pakhomov’s appeal must be dismissed. See Reeves, 882 So.2d at 874.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. Pakhomov had served as a visiting professor at the University of New Mexico.

. We note that Tuten and Ware filed a second garnishment proceeding against TIAA-CREF on May 5, 2011. Pakhomov was also served with that process on May 6, 2011. TIAA-CREF answered and informed Tuten and Ware that the funds in its possession were exempt funds. Those funds are not at issue in this appeal.

. Among the arguments made in Pakhomov’s motion was the argument that he had not been served in the garnishment proceeding before the entry of the order of condemnation and that, as a result, his claim of exemption was timely. Tuten and Ware provided further evidence of service of the garnishment process on Pakhomov in March 2011, including the affidavit of Sybil Green, who testified regarding the receipt process for certified mail at Kilby Correctional Facility and who attached to her affidavit an envelope signed for by Pakhomov on March 30, 2011.

. See Rule 60(b), which requires that motions filed pursuant to Rule 60(b)(1), (2), and (3) be filed within four months of the entry of the judgment to which the motion is directed and that motions filed pursuant to Rule 60(b)(5) and (6) be filed within a reasonable time. Motions brought pursuant to Rule 60(b)(4) are not subject to the reasonable-time requirement of'Rule 60(b) and may be brought at any time. See Ex parte Full Circle Distrib., L.L.C., 883 So.2d 638, 643 (Ala.2003). Because Pak-homov’s motion did not explicitly rely on Rule 60(b), much less specify a particular subsection of the rule, we would ordinarily consider the allegations in the motion to determine the ground upon which his motion was based. See Price v. Clayton, 18 So.3d 370, 375 (Ala.Civ.App.2008) (construing a motion filed pursuant to Rule 60(b) as a motion brought pursuant to Rule 60(b)(6) because of the language used in the motion, the relief sought by the motion, and the evidence in the record). However, in light of our conclusion, infra, that the appeal is due to be dismissed, we will assume without deciding that Pakhomov’s motion was brought pursuant to either Rule 60(b)(4) or (6) and was therefore timely.