MONROE, Judge.
Margaret Alexander and Eddie Chambers appeal from the trial court’s denial of their motion for relief from a judgment.
Alexander, a certified master plumber, sued James and Dorothy Washington, seeking to recover expenses she claimed she was owed for work done at the Washingtons’ home. The Washingtons filed a counterclaim against Alexander and a third-party complaint against Chambers, who worked under Alexander. The same attorney represented both Alexander and Chambers.
Alexander, Chambers, and their attorney did not appear on the day of trial because, according to the attorney, they did not have notice of the trial. On March 10, 1997, the day scheduled for trial, the trial court heard testimony from the Washingtons and entered a judgment against Alexander and Chambers for $3,000. The judgment also rendered null and void a Ken Alexander had recorded against the Washingtons’ property.
On March 14, 1997, Alexander and Chambers filed a motion for rehef from the judgment pursuant to Rule 60(b), Ala. R. Civ. P. The trial court held a hearing on the motion, then denied the requested rehef on April 2, 1997. An amended Rule 60(b) motion, which corrected errors in the original Rule 60(b) motion, was filed on April 2; the trial court denied that motion on May 1, 1997. Alexander and Chambers appealed on June 10, 1997.
An order denying a Rule 60(b) motion is appealable. Cockrell v. World’s Finest Chocolate Co., 349 So.2d 1117 (Ala.1977). A ruling on a Rule 60(b) motion is subject to a motion to alter, amend, or vacate the judgment (see Rule 59, Ala. R. Civ. P.), often inaccurately referred to as a “motion to reconsider.” The filing of a motion to alter, amend, or vacate the ruling on a Rule 60(b) motion tolls the running of the time during which a party can appeal from the ruling on the Rule 60(b) motion. Vaughan v. Vaughan, 539 So.2d 1058 (Ala.Civ.App.1988), cert. denied, 539 So.2d 1060 (Ala.1989). The amended Rule 60(b) motion filed by Alexander and Chambers is essentially a motion to alter, amend, or vacate the order denying the first Rule 60(b) motion. The amended motion was denied on May 1, 1997; therefore, Alexander’s notice of appeal, filed June 10, 1997, is timely.
Alexander and Chambers argue here, as they did in the trial court, that the judgment entered against them should be treated ais a default judgment that should be set aside pursuant to Rule 55(c) because, they say, they have a meritorious defense. They also argue that the judgment should be set aside because of mistake, specifically, because they did not receive notice of the trial.
At the hearing on the original Rule 60(b) motion, the attorney for Alexander and Chambers tried to argue that the judgment should be treated as a default judgment, and she cited authority for that argument. However, the record shows that the trial court was adamant in the view that the judgment was a judgment on the merits and was not a default judgment. The trial court made it clear that it would not consider the attorney’s argument that the judgment entered was a default judgment.
A judgment entered after one party fails to appear at trial is treated as a default judgment. See Cassioppi v. Damico, 536 So.2d 938 (Ala.1988) (default judgment entered when defendants failed to appear at trial); Holsonback v. Holsonback, 518 So.2d 146 (Ala.Civ.App.1987) (default judgment entered against wife who failed to appear at divorce trial); Seventh Wonder v. Southbound Records, Inc., 364 So.2d 1173 (Ala.1978) (parties failing to appear on the day the case was set for trial were in default); see also, Rule 55, Ala. R. Civ. P., Committee Comments.
A Rule 60(b) motion can be used to set aside a default judgment if the motion is filed within four months of the entry of the judgment. Rooney v. Southern Dependacare, Inc., 672 So.2d 1 (Ala.1995). In determining whether to set aside a default judgment pursuant to Rule 60(b), the trial court must apply the same analysis it applies in determining whether to set aside a default judgment pursuant to Rule 55(c). Id. That analysis indudes consideration of the following three factors: “1) whether the defendant *256 has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct.” Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600, 605 (Ala.1988).
The trial court denied both the original Rule 60(b) motion and the amended motion with short notations on the case action summary sheet, and it gave no explanation for the denials. The record shows that the trial court clearly did not consider this judgment a default judgment, and the attorney for Alexander and Chambers was cut off when she attempted to make her case for why the judgment should be set aside.
From the record, it appears that the trial court gave no consideration to the factors that are to be applied in determining whether to set aside a default judgment. Therefore, we reverse the judgment of the trial court denying Alexander and Chambers relief from the judgment against them, and we remand this cause for the trial court to determine whether the judgment should be set aside. In making that determination, the trial court is to apply the Kirtland factors. We make no determination as to whether Alexander and Chambers are entitled to have the judgment set aside, only that they must be given the opportunity to argue their motion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.
CRAWLEY, J., dissents.