Sarah Ann Paris appeals from a judgment of the Elmore County Circuit Court that, among other things, denied her claim against the Estate of Frank D. Williams for $5,000. We dismiss the appeal as untimely filed.
Frank D. Williams died intestate in 1996, and his widow, Ann J. Williams ("the administratrix"), sought and obtained letters of administration from the Elmore County Probate Court in January 1997. The case was removed to the circuit court in August 1998 (see § 12-11-41, Ala. Code 1975). In March 1999, the trial court directed the administratrix and Paris to submit written facts, stipulations, and arguments concerning whether an agreed provision incorporated into a 1984 judgment divorcing Paris and Frank D. Williams required Williams's estate to pay Paris $5,000 because Williams had mortgaged a particular parcel of real property that had been awarded to him in the divorce judgment.[1]
The trial court entered a judgment on September 15, 1999, that, among other things, denied Paris's claim for $5,000.
On September 21, 1999, Paris filed a motion, pursuant to Rule 59, Ala.R.Civ.P., to alter, amend, or vacate that portion of the trial court's judgment denying her claim against Williams's estate. The court entered an order on October 6, 1999, on the case action summary sheet denying the motion. However, on October 20, the court purported to enter an order setting aside its denial of Paris's postjudgment motion and to set the motion for argument. The trial court, after a hearing, purported to enter an order on November 30, 1999, "reinstating" its original judgment. Paris filed a notice of appeal to this court on January 7, 2000.
Initially, we must determine whether this court has jurisdiction over this appeal, because "`jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.'"Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App. 1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987)).
Section 43-2-354, Ala. Code 1975, provides that claims against a decedent's estate shall be heard and passed upon by "the judge of the court having jurisdiction of the administration of the estate," and that "either party" to such a claim "may appeal to the supreme court or court of civil appeals, as the case may be, from the judgment of the circuit court, such appeal to be taken within 42 days and as other appeals aretaken" (emphasis added). Likewise, Rule 4(a)(1), Ala.R.App.P., provides (with limited exceptions not here pertinent) that a party desiring to appeal to an appellate court must file his or her notice of appeal within 42 days of the date of the entry of the judgment appealed from. While Rule 4(a)(3), Ala.R.App.P., provides that the filing of a post-judgment motion under Rule 59, Ala.R.Civ.P., will suspend the time for filing a notice of *Page 323 
appeal, "the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an ordergranting or denying such motion" (emphasis added).
In this case, the trial court entered an order denying Paris's postjudgment motion on October 6, 1999. The time for filing a notice of appeal thus began to run on October 6, 1999, and it expired 42 days later (i.e., on November 17, 1999). Because Paris's notice of appeal was not filed until January 7, 2000, it is untimely.
Our conclusion is not altered by the fact that the trial court entered an order on October 20, 1999, purporting to "set aside" the denial of Paris's postjudgment motion. The Alabama Supreme Court recently considered whether a trial court has the authority to revisit its own order denying a Rule 59 postjudgment motion, and it concluded that the trial court has no such authority. Ex parte Allstate Life Ins. Co.,741 So.2d 1066 (Ala. 1999). We quote from the pertinent portion of the Supreme Court's opinion:
 "On December 7, 1998, the seven plaintiffs timely moved to alter, amend, or vacate the November 6, 1998, orders dismissing the complaints. [Judge Thomas Gaither] denied their motion on December 10, 1998. A timely filed Rule 59 motion tolls the running of the time for filing a notice of appeal. Therefore, the plaintiffs' remedy after the trial court denied the motion to alter, amend, or vacate was to appeal, rather than to file additional post-judgment motions. On January 12, 1999, the plaintiffs filed a `renewed motion to vacate.' Judge Gaither summarily denied this motion on January 14, 1999. On January 19, 1999, the plaintiffs filed a third post-judgment motion, a motion styled `motion to reconsider.' Whether we accept the respondents' characterization of Judge [L. Bernard] Smithart's ruling (setting aside Judge Gaither's denial of the Rule 59(e) motion and reinstating the dismissed cases) as being an `ex mero motu' ruling, or whether we accept the petitioners' characterization of it as being an order purporting to grant a third Rule 59 motion, the Rules of Civil Procedure prohibit the ruling.
 "The respondents argue that, because on January 19, 1999, 90 days had not passed since the judgments of dismissal had been entered, Judge Smithart essentially had jurisdiction to do, ex mero motu, whatever he wanted with Judge Gaither's ruling. That argument is clearly incorrect.
 "This Court has repeatedly held that after a trial court denies a Rule 59 post-judgment motion, the trial court no longer has jurisdiction over the case and the aggrieved party's only remedy is to appeal. Judge Smithart did not have jurisdiction to review a post-judgment motion after Judge Gaither had denied the motion. When a trial court improvidently attempts to exercise jurisdiction to entertain a motion to `reconsider' the denial of a Rule 59 post-judgment motion, this Court should issue a writ of mandamus to undo the trial court's action. . . . A writ of mandamus will issue to direct Judge Smithart to vacate his orders of January 19, 1999, and to reinstate the final judgments of dismissal entered on November 6, 1998."
741 So.2d at 1070-71 (emphasis added; citations omitted); accord, Exparte Dowling, 477 So.2d 400, 404 (Ala. 1985) (noting that, in the usual case, a trial court has no jurisdiction to "reconsider" the denial of a postjudgment motion). Thus, the trial court's order of October 20, 1999, purporting to "set aside" the denial of Paris's postjudgment motion, was outside that court's jurisdiction and was a nullity that did not extend the time for Paris to appeal from the trial court's judgment.
Rule 2(a)(1), Ala.R.App.P., provides that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." Because we have concluded that Paris's notice of appeal was not timely *Page 324 
filed, we must dismiss her appeal. Humphries v. Humphries, 726 So.2d 698,700 (Ala.Civ.App. 1998) (citing Asam v. City of Tuscaloosa, 585 So.2d 60
(Ala.Civ.App. 1991), cert. denied, 502 U.S. 1033 (1992)).
 APPEAL DISMISSED.
Yates, Monroe, Crawley, and Thompson, JJ., concur.
[1] The divorce judgment had contained this provision: "[I]n the event [Williams] should sell or otherwise dispose of the property, [Paris] shall be entitled to $5,000 from such sale or transfer. [Williams] agrees not to further encumber said property."