CRAWLEY, Judge.
Bradley S. Moser (“the father”) appeals from the trial court’s denial of his motion filed pursuant to Rule 60(b), Ala. R. Civ. P. The father and Jamie Lynn Moser (“the mother”) were divorced on August 2, 2000. The divorce judgment awarded custody of the parties’ minor daughter to the mother.
The father filed a postjudgment motion on August 17, 2000. That motion was, by handwritten notation on the motion itself, granted in part and denied in part on September 6. However, no indication that the motion was disposed of appears on the case action summary sheet. On November 13, 2000, the father filed another motion, which he based on Rule 59, Ala. R. Civ. P., and Rule 60(b)(2), (3), and (6). If the father’s original motion had not yet been disposed of, it was denied by operation of *665 law on November 15. On that date, the father’s November 13 motion would have ripened into a Rule 60(b) motion.[1]
On December 11, 2000, the trial court denied the father’s Rule 60(b) motion. The father filed a “motion to reconsider” that denial on January 8, 2001. Such a motion is not authorized by the Rules of Civil Procedure and does not toll the time for taking an appeal. Ex parte Keith, 771 So.2d 1018 (Ala.1998). The father should have appealed the denial of his Rule 60(b) motion within 42 days of its denial on December 11, or by January 22, 2001. See Rule 4(a).
In August 2001, the mother filed a motion to dismiss the appeal, arguing that the appeal was untimely. This court denied that motion on September 4, 2001, because, at that point, we were uncertain exactly which issues the father would address in his brief and because we did not have the benefit of the record to determine the course of the proceedings below. After reviewing the record, and after determining that the father’s arguments concern only the denial of his Rule 60(b) motion, we are of the opinion that this appeal must be dismissed.
The mother’s request for sanctions is denied. The mother’s request for an attorney fee on appeal is granted in the amount of $1,000. In light of our dismissal, we deny all other pending motions as moot.
APPEAL DISMISSED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.

. Before November 13, the motion could have been treated as, if allowed by the trial court, an amendment to the original Rule 59 motion. See City of Rainsville v. State Farm Mut. Auto. Ins. Co., 716 So.2d 710, 711 (Ala.Civ.App.1998) (quoting Alabama Farm Bureau Mut. Cas. Ins. Co. v. Boswell, 430 So.2d 426, 428 (Ala.1983)).