PITTMAN, Judge.
Patricia Ann Myers, as executrix of the estate of Jessie Logan Horton, appeals the dismissal by the Chilton Circuit Court of Horton’s appeal to that court of the Chil-ton County Probate Court’s order awarding Sammy Joe Collins a fee for acting as a personal representative. Bertie Logan died owning $306,000 of real property and an undisclosed amount of personal property. Horton and Collins were two of Logan’s heirs. On July 2, 1999, the probate court, in response to a petition for final settlement of Logan’s estate, issued an order awarding Collins $35,637.71 as a fee for acting as personal representative of Logan’s estate.
On February 17, 2000, the probate court issued an order denying Horton’s motion to alter, amend or vacate a judgment, even though the record on appeal contains no mention of a postjudgment motion having been filed. Collins admits in his appellate brief that Horton filed a Rule 60(b), Ala. R. Civ. P., postjudgment motion on October 27,1999 (C. 10.), and that following the denial of that motion on November 5,1999, Horton filed a Rule 59, Ala. R. Civ. P., postjudgment motion, which was the sub *611 ject of the February 17, 2000, probate court order.
The record reflects that Horton appealed the probate court’s judgment to the circuit court on March 23, 2000. On April 12, 2000, the circuit court accepted jurisdiction over the matter, pursuant to § 12-22-20 and § 12-22-21, Ala.Code 1975. On April 14, 2000, the estate of Jessie Logan Horton filed a notice of Horton’s death. (C. 12.) In September 2000, Patricia Ann Myers, executrix of Horton’s estate, filed a request to be substituted as the plaintiff in this action. The circuit court set the cause for trial on August 20, 2001.
Collins filed a motion in circuit court to dismiss the appeal for lack of jurisdiction on July 23, 2001. After receiving briefs from the parties, the circuit court held oral argument on the matter on December 12, 2001. On December 17, 2001, the circuit court dismissed the appeal. On January 28, 2002, Myers appealed to the Alabama Supreme Court; that court transferred the case to this court, pursuant to § 12-2-7(6), Ala.Code 1975. Myers argues only one issue on appeal: that the fee the probate court ordered for the personal representative is statutorily impermissible and excessive.
The record is clear that the probate court entered its final order regarding the Logan estate on July 2, 1999. A notice of appeal must be filed with the clerk of the court within 42 days from the date of the entry of judgment. See Rule 4(a)(1), Ala. R.App. P. In the alternative Horton could have filed a Rule 59 motion (or a Rule 50, 52, or 55 motion) within 30 days, and this would toll the running of time to file an appeal. Horton did neither.
Neither party disputes the fact that the first postjudgment motion filed by Horton was a motion pursuant to Rule 60(b), that was filed on October 27, 1999, and was 117 days after entry of the probate court’s order. A Rule 60(b) motion is not one of the enumerated postjudgment motions that tolls the time for filing an appeal under Rule 4, Ala. R.App. P. Pursuant to Rule 2(a)(1), Ala. R.App. P., “[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate, court.” See also Paris v. Estate of Williams, 769 So.2d 321, 323 (Ala.Civ.App.2000).
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, J., concur.
THOMPSON, J., concurs in the result.