PITTMAN, Judge.
 

 Attalla Health Care, Inc.
 
 (“the
 
 employer”), appeals from a judgment of the Eto-wah Circuit Court awarding Teresa Kim-ble (“the employee”) benefits pursuant to the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975.
 
 Ex mero mot'ii,,
 
 we dismiss the appeal as untimely.
 

 The employee sued the employer in March 2006, seeking an award of workers’ compensation benefits with respect to a neck and back injury that she allegedly had sustained in September 2005. The employer answered the complaint in late March 2006, but it later amended its answer in January 2007 to plead certain “special defenses” to the complaint, including that the employee had refused suitable employment so as to bar her claim for workers’ compensation benefits. After an ore tenus proceeding, the trial court rendered a judgment on April 11, 2007, that, in pertinent part, awarded the employee workers’ compensation benefits on the basis that she had suffered a permanent and total disability; pursuant to Rule 58(c), Ala. R. Civ. P., as amended effective September 19, 2006, that judgment was “entered” on April 16, 2007, the date on which that judgment was entered into the State Judicial Information System.
 
 [1]
 

 Under Ala.Code 1975, § 25-5-81(e), any aggrieved party may appeal of right to this court from a judgment entered in a workers’ compensation action “within 42 days” after entry of that judgment. Likewise, Rule 4(a)(1), Ala. R.App. P., provides that “[ejxcept as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to ... a court of appeals, the notice of appeal ... shall be filed ... within 42 days ... of the date of the entry of the judgment ... appealed from.” No notice of appeal in this case was filed on or before May 29, 2007, the first working day after May 28, 2007 (Memorial Day), the 42d day following the entry of the trial court’s judgment.
 
 [2]
 
 However, under Rule 4(a)(3), Ala. R.App.
 
 *885
 
 P., “[t]he filing of a post-judgment motion pursuant to Rules 50, 52, 55 or 59 of the Alabama Rules of Civil Procedure ... shall suspend the running of the time for filing a notice of appeal” until “the date of the entry in the civil docket of an order granting or denying [that] motion.”
 

 On May 9, 2007, within 30 days after the entry of the trial court’s judgment, the employer filed what it styled a “Motion for New Trial Pursuant to Rule 59 and/or Motion for Relief from Judgment Pursuant to Rule 60” in which it stated the following grounds:
 

 “[T]he findings of fact by the Court are contrary to the evidence in this cause.
 

 “[T]he finding by the Court that the [employee] is totally permanently disabled is contrary to the evidence in this case.
 

 “The conclusions of law by the Court are contrary to the law.
 

 “[T]he Court’s finding that the [employee] is permanently and totally disabled and unable to obtain and perform suitable employment is contrary to the facts in this case.
 

 “[T]he Court’s finding that the [employee] is permanently and totally disabled and unable to obtain and perform suitable employment is contrary to the law.
 

 “[T]he Court’s finding that ‘[the employee] and the witnesses who testified in her behalf [were] credible and truthful’ is contrary to the evidence in the case.
 

 “[T]he judgment of the Court is contrary to the provisions of Section 25-5-57(a)(4)d[., Ala.Code 1975,] which provides: [‘]Any employee whose disability results from an injury or impairment and who shall have refused to undergo physical or vocational rehabilitation or to accept reasonable accommodation shall not be deemed permanently and totally disabled.’
 

 “[T]he judgment of the Court is contrary to the provisions of Section 25-5-57(a)(4)d[.] in that [the employee] refused to accept reasonable accommodation provided by her employer pursuant to restrictions set out by her treating physician[.]
 

 “[T]here was no evidence presented to establish the life expectancy of the [employee].
 

 “[T]he [judgment] awarding counsel [for the employee] $31,980.54 [as a] present commuted value of the attorney’s fee is not supported by the evidence in the case.
 

 “[T]he Judgment of the Court is contrary to the provisions of Section 25-5-57(a)(3)e.[, Ala.Code 1975.]
 

 “[T]he Judgment in this cause is contrary to the evidence in this cause in that the [employee] is not entitled to any compensation in that [she] has refused employment suitable to her capacity offered by the [employer], and [she] has refused to perform said job.
 

 “[T]he Judgment of the Court is contrary to the law in this cause in that the [employee] is not entitled to any compensation in that she has refused employment suitable to her capacity offered by the [employer] in this cause, and the [employee] has refused to perform said job.
 

 “[T]he Judgment in this cause in contrary to the evidence in this cause in that the [employee] would only be entitled to a physical impairment rating and not a vocational disability rating pursuant to Section 25 — 5—57[, Ala.Code 1975,] in that the [employer] has offered employment to [the employee], which [she] has unjustifiably refused to accept.
 

 
 *886
 
 “[T]he Judgment in this cause is contrary to the law in this cause in that the [employee] would only be entitled to a physical impairment rating and not a vocational disability rating pursuant to Section 25-5-57[, Ala.Code 1975,] in that the [employer] has offered employment to [the employee], which [she] has unjustifiably refused to accept.”
 

 The employer’s motion, to the extent that it sought a new trial based upon the grounds alleged, was a proper motion under Rules 59(a) and 59(b), Ala. R. Civ. P. Moreover, to the extent that the employer’s motion can properly be construed as a motion pursuant to Rule 60(b), Ala. R. Civ. P.,
 
 [3]
 
 we noted in
 
 Ex parte Gamble,
 
 709 So.2d 67 (Ala.Civ.App.1998), that “Alabama law allows a party to join a request for relief from judgment under Rule 60(b) with a request for a post-judgment remedy,” such as a new trial, although “it frowns upon the practice.” 709 So.2d at 70. Of course, the denial of a Rule 60(b) motion is itself appealable.
 
 Williams v. Williams,
 
 910 So.2d 1284, 1286 (Ala.Civ.App.2005).
 

 In response to the employer’s motion, the trial court entered an order on May 10, 2007, setting the employer’s motion for a June 21, 2007, hearing. However, on May 24, 2007, the trial court entered an order stating that the “Motion for New Trial and Motion for Relief of Judgment is hereby denied.” On May 25, 2007, the trial court, on its own motion, entered an order purporting to set aside that court’s May 24, 2007, order denying the employer’s motion, stating that the employer’s motion would “be heard as previously scheduled.” On June 21, 2007, after a hearing, the trial court entered an order purporting to again deny the employer’s motion. The employer filed a notice of appeal on August 2, 2007, 42 days after the entry of the trial court’s June 21, 2007, order.
 

 Based upon the text of Rules 4(a)(1) and 4(a)(3), Ala. R.App. P., the employer’s notice of appeal can be deemed timely filed
 
 only
 
 if the trial court could properly have set aside its May 24, 2007, order denying the employer’s motion. However, under Alabama law, “[a] trial court does not have jurisdiction to entertain a motion to reconsider the denial of a Rule 60(b) ... motion.”
 
 Ex parte Vaughan,
 
 539 So.2d 1060, 1061 (Ala.1989);
 
 accord Ex parte Keith,
 
 771 So.2d 1018, 1022 (Ala.1998) (trial court may not “otherwise review” its order denying a Rule 60(b) motion). Similarly, “after a trial court denies a Rule 59 post-judgment motion, the trial court no longer has jurisdiction over the case and the aggrieved party’s only remedy is to appeal.”
 
 Ex parte Allstate Life Ins. Co.,
 
 741 So.2d 1066, 1071 (Ala.1999).
 

 The facts in
 
 Paris v. Estate of Williams,
 
 769 So.2d 321 (Ala.Civ.App.2000), are substantially similar to those in this case. In
 
 Paris,
 
 a party filed a timely postjudgment motion directly attacking one aspect of a trial court’s judgment; although that motion was denied by the trial court on October 6, 1999, the trial court later purported to “set aside” the order of denial and to set a hearing on the postjudgment motion. We dismissed an appeal taken from the trial court’s judgment because the notice of appeal had not been filed within 42 days of the entry of the trial court’s October 6, 1999, order denying the postjudgment motion, and we did so notwithstanding the trial court’s attempt to “set aside” that denial on its own initiative. 769 So.2d at 323.
 

 
 *887
 
 In this case, the trial court lacked jurisdiction, after the entry of its May 24, 2007, order denying the employer’s post-judgment motion, to “reconsider” the propriety of that order; the entry of that order, pursuant to Rule 4(a)(3), Ala. R.App. P., triggered the beginning of the 42-day period within which a notice of appeal in the case could properly have been filed. Because the employer did not timely file its notice of appeal on or before July 5, 2007, this court lacks jurisdiction to review the correctness of the trial court’s April 11, 2007, judgment, and we must dismiss the employer’s appeal.
 
 See
 
 Rule 2(a)(1), Ala. R.App. P. (“An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.”).
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ„ concur.
 

 [1]
 

 . Although the employee's action was filed in March 2006, before the promulgation of the amendment to Rule 58(c), Ala. R. Civ. P., that amendment has been held to apply retroactively to all cases pending on the date the amendment was promulgated, including cases '‘pending
 
 [1]
 
 ' in an appellate court.
 
 See Ex parte Luker,
 
 [Ms. 1051805, August 31, 2007] - So.3d-,-(Ala.2007).
 

 [2]
 

 . When, as here, the last day for performing some act required under the Alabama Rules of Appellate Procedure would fall upon a legal holiday, such as Memorial Day, Rule 26(a), Ala. R.App. P., extends the pertinent legal deadline to "the next day which is not a Saturday, Sunday, or legal holiday.”
 

 [3]
 

 .
 
 But see Curry v. Curry,
 
 962 So.2d 261 (Ala.Civ.App.2007) (indicating that a motion invoking Rule 60(b), Ala. R. Civ. P., will be treated under certain circumstances as a motion seeking relief under Rule 59(e), Ala. R. Civ. P.).