PER CURIAM.
Thomas King (“the former husband”) appeals from a judgment of the Colbert *586 Circuit Court denying his Rule 60(b), Ala. R. Civ. P., motion. We dismiss the appeal as untimely.
On January 3, 2008, Jacklyn King (“the former wife”) filed a complaint seeking a divorce from the former husband. That same day the former husband answered the divorce complaint and the parties filed a settlement agreement in the trial court. On January 20, 2008, the parties filed an amended agreement, which listed an additional asset and incorporated and adopted all other provisions of the previously filed settlement agreement. On February 2, 2008, the trial court entered a judgment divorcing the parties that incorporated the parties’ amended agreement.
On January 12, 2009, the former husband filed a Rule 60(b) motion. The hearing on that motion was continued numerous times. On August 10, 2009, before the trial court had ruled on the former husband’s Rule 60(b) motion, the former husband filed what he styled as a “Motion to Vacate or Set Aside Previously Entered Order and Set this Cause for Evidentiary Hearing,” in which he requested that the trial court vacate its February 2, 2008, divorce judgment because, he alleged, the divorce judgment was ambiguous and the former wife had fraudulently induced him into executing the settlement agreement incorporated into the divorce judgment. The “Motion to Vacate or Set Aside Previously Entered Order and Set this Cause for Evidentiary Hearing” was, in effect, another Rule 60(b) motion in which the former husband specifically outlined the grounds upon which he argued that the trial court should grant relief from the February 2, 2008, divorce judgment. On August 26, 2009, the former wife filed a motion for contempt against the former husband. The trial court conducted a hearing on October 5, 2010, regarding the former husband’s motions and the former wife’s motion for contempt. Following the hearing, the trial court entered an order on October 19, 2010, finding the former husband in contempt and denying the former husband’s motion to set aside the divorce judgment pursuant to Rule 60(b).
On November 16, 2010, the former husband filed a motion styled as a “Motion for New Trial/Reconsideration,” requesting that the trial court reconsider its denial of his 60(b) motion. The trial court purported to deny the “Motion for New Trial/Reconsideration” on February 10, 2011. Subsequently, on February 22, 2011, the former husband filed a notice of appeal to this court.
It is well settled that
“[ajfter a trial court has denied a post-judgment motion pursuant to Rule 60(b), that court does not have jurisdiction to entertain a successive postjudgment motion to ‘reconsider’ or otherwise review its order denying the Rule 60(b) motion, and such a successive postjudgment motion does not suspend the running of the time for filing a notice of appeal.”
Ex parte Keith, 771 So.2d 1018, 1022 (Ala. 1998); see also Williams v. Williams, 70 So.3d 332, 334 (Ala.Civ.App.2009) (dismissing an appeal as untimely because of the appellant’s failure to timely appeal from the denial of his first postjudgment motion); Wadsworth v. Markel Ins. Co., 906 So.2d 179, 182 (Ala.Civ.App.2005) (same); Reeves v. State, 882 So.2d 872, 874 (Ala.Civ.App.2003) (same); and Moser v. Moser, 839 So.2d 664, 665 (Ala.Civ.App.2002) (same).
In this case, the trial court denied the former husband’s Rule 60(b) motion on October 19, 2010. The former husband did not file a notice of appeal until February 22, 2011, which was more than 42 days after the denial of his Rule 60(b) motion. See Rule 4(a), Ala. R.App. P. The subsequent postjudgment motion asking the tri *587 al court to “reconsider” its denial of the Rule 60(b) motion did not suspend the time for filing a notice of appeal. See Ex parte Keith, 771 So.2d at 1022. Thus, the former husband failed to timely appeal the denial of his Rule 60(b) motion.
Accordingly, because the February 22, 2011, notice of appeal, which was filed more than 42 days after the October 19, 2010, denial of the former husband’s Rule 60(b) motion, was untimely, we dismiss this appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.