DONALDSON, Judge.
A judgment entered by a court of another state may be given the same legal effect as if it had been entered by an Alabama court, i.e.,' -become “domesticated,” if the procedure established by the Uniform Enforcement of Foreign Judgments Act (“the Act”), § 6-9-230 et seq., Ala.Code 1975, is followed. A judgment debtor who claims that the court in the other state did not have jurisdiction to enter the judgment that has been properly domesticated may seek to have that judgment vacated by filing a motion under Rule 60(b)(4), Ala. R. Civ. P. A ruling denying the Rule 60(b)(4) motion is appealable,- but the time for taking the appeal cannot be tolled using the ■provisions of Rule 59.1, Ala. R. Civ. P.
For the purposes of this appeal, the facts are undisputed. Cindy Anderson, a Tennessee resident doing business as Summitville Grain Company (“Anderson”), filed suit in the General Sessions Court of Coffee County, Tennessee (“.the Tennessee lawsuit”), against Alabama resident Gary Evans, doing business as Evans Dairy (“Evans”), and two other defendants. Evans was served with the summons and complaint in the Tennessee lawsuit through the use of certified mail sent to his address in Bryant, Alabama. Evans did not respond to the Tennessee lawsuit. *234 On November . 14, 2012, the Tennessee court entered a default judgment against Evans and the other two defendants, jointly and severally, for $15,758.48 plus costs (“the Tennessee judgment”).
On June 17, 2013, Anderson filed in the Jackson Circuit Court (“the circuit court”) a document that she entitled a “complaint.” That document states in its entirety:
“Comes now [Anderson] and files [the] Tennessee judgment under the provisions of Section 6-9-232 and Section 6-9-233 Code of Alabama 1975 as amended in accordance with the provisions of said Code Sections.
“A certified copy of the Foreign Judgment along with the Affidavit required by the Code Sections and copies of certified mail receipts where [Anderson] has mailed notice of the filing to [Evans and the other two defendants] and is providing proof of said mailing with the Clerk also in accordance with the provisions in Section 6-9-232 and Section 6-9-233 Code of Alabama, 1975.”
The filing was docketed with a “CV” case number. No summons was submitted or issued along with the filing of the document Anderson described as a “complaint.” As referenced in the document, Anderson also filed a copy of- the Tennessee judgment and an affidavit from an attorney who represented Anderson in the Tennessee lawsuit. In his affidavit, the attorney described the Tennessee judgment, swore that Evans had been served in the Tennessee lawsuit, gave the last known address for Evans as' the Bryant address, and stated that the Tennessee judgment was “valid, enforceable, and unsatisfied.” See Ala. Code 1975, § 6-9-233(a) (requiring an affidavit containing this information to be filed when seeking to domesticate a foreign judgment).
On July 3, 2013, the circuit-court clerk issued a document entitled “Notice of Filing of Foreign Judgment.”[1] The document containing the CV case number that was assigned to Anderson’s filing described the Tennessee judgment, contained the addresses of Anderson and of the attorney who represented her in the Tennessee lawsuit, and stated, in part:
“NOTICE IS HEREBY GIVEN THAT THE ABOVE REFERRED FOREIGN JUDGMENT WAS FILED IN THE CIRCUIT CLERK’S OFFICE IN THE ABOVE NAMED COURT. THE JUDGMENT HAS THE SAME EFFECT AND IS SUBJECT TO THE SAME PROCEDURES, DEFENSES AND PROCEEDINGS FOR REOPENING, VACATING, OR STAYING AS A JUDGMENT OF A CIRCUIT COURT OF THIS STATE AND MAY BE ENFORCED OR SATISFIED IN LIKE MANNER. YOU ARE FURTHER NOTIFIED THAT NO EXECUTION OR OTHER PROCESS FOR ENFORCEMENT OF THIS FOREIGN JUDGMENT SHALL ISSUE UNTIL THIRTY (30) DAYS AFTER THE DATE THE JUDGMENT IS FILED.”
(Capitalization in original.)
That document was sent to Evans at his Bryant address and to the other two defendants. See § 6-9-233(b) (requiring the circuit clerk to mail to the judgment debt- or a notice of the filing of the foreign judgment that includes the information contained in the document sent to Evans). The circuit-court clerk also prepared certificates of judgment against all three defendants.
*235 On July 16, 2013, Evans filed with the circuit court a document he described as a “motion to dismiss.”[2] Evans moved the circuit court to “dismiss this action” on the grounds that it failed to state a claim for relief, that the filing “violated his due process rights,” that the- Tennessee court lacked jurisdiction over him, and that the Tennessee judgment was not valid and enforceable. Evans attached his own affidavit, swearing that he had never been a resident of Tennessee, that he had not been in Tennessee on the date the Tennessee judgment was entered,[3] that he had not transacted business in Tennessee, and that he had not submitted to the jurisdiction of the Tennessee courts. Evans also stated:
“A few years ago, David Brown, the purported brother of Cindy Anderson d/b/a Summitville Grain Co., came to my dairy in Bryant, Alabama and solicited my business on behalf of Summitville Grain Co. He arranged for me to obtain feed corn from Summit Grain and Sum-mitville Grain Co. would deliver the feed corn to my dairy.”
On August 14, 2013, Anderson sought a writ of execution against real property owned by Evans. Evans ' responded, claiming that the property was exempt from execution. On August 22, 2013, Evans filed a brief in the circuit court, asserting that the Tennessee judgment was void based on a lack of personal jurisdiction. Anderson responded with a brief, asserting that the Tennessee judgment had been properly filed in Alabama pursuant to the Act, that service had been obtained on Evans before the entry of the Tennessee judgment, that the Tennessee judgment was based on grain sales to Evans by Anderson from her business, location in Tennessee, and that the Tennessee judgment was enforceable in Alabama.
On November 5, 2013, the circuit court, after a hearing, entered an order denying the “motion to' dismiss” filed by Evans and giving Evans 10 days to file an answer. No transcript of the hearing has been submitted to this court. On December 19, 2013, the circuit court entered the following order:
“This case was previously set before the Court for a hearing on [Evans’s] motion to dismiss. The Court heard arguments from counsel for [Anderson] and [Evans] and counsel submitted briefs to the Court in support of their positions.
“After consideration of the pleadings and arguments, the Court denied [Evans’s] motion to dismiss and granted [Evans] ten days to file an answer.
“More than ten days have expired since the date of the Court’s Order denying the motion to dismiss which was November '5, 2013 and no answer ■ has been filed for [Evans].
“It is therefore, ORDERED, ADJUDGED AND DECREED by the Court as’follows:
“1. The judgment filed with the Circuit .Court in accordance with the Uniform[] Enforcement of Foreign Judgments[ ] Act which was rendered in the Court of General Sessions of Coffee County, Tennessee on November 14, 2012, is to be given full faith and credit .and constitutes a valid judgment in the Circuit Court of Jackson County, Ala-báma.
*236 “2. The valid Tennessee Judgment filed in accordance with the provisions of Section 6-9-233, Code of Alabama, 1975, as amended, is due to be enforced in any manner available under Alabama Law and execution may issue thereon.”
(Capitalization in original.)
On January 17, 2014, Evans filed a “motion to reconsider,” asking the circuit court “to reconsider [its] Order dated December 19, 2013 and as grounds therefor would show that the Defendant Gary Evans filed an answer in this matter on July 16, 2013.” There is no document in the record filed by Evans on July 16, 2013, other than his motion to dismiss. On February 10, 2014, counsel for Anderson submitted a letter to the circuit court questioning the necessity of holding a hearing on Evans’s January 17, 2014, motion. On February 14, 2014, the circuit court entered an order setting a hearing on Evans’s January 17, 2014, motion for February 19, 2014. In that order, the circuit court referred to the right to a hearing contained in Rule 59(g), Ala. R. Civ. P. On February 19, 2014, the circuit court entered the following order:
“This case was set for hearing this date on [Evans’s] motion to reconsider the order of the court dated December 19, 2013, that allowed [Anderson] to domesticate a foreign judgment.
“Upon consideration thereof, IT IS ORDERED, ADJUDGED, AND DECREED that [Evans’s] motion to reconsider1 is denied. Accordingly, [Anderson] may proceed to enforce the judgment.”
(Capitalization in original.)
Evans filed a notice of appeal to this court on March 10, 2014, purportedly from the circuit court’s February 19, 2014, order denying his January 17, 2014, motion to reconsider the circuit court’s December 19, 2013, order. The amount of the judgment is within our jurisdictional limits. § 12-3-10, Ala.Code 1975. Evans states he was entitled to “ignore Tennessee judicial proceedings, risk and incur a default judgment and then, challenge that judgment on jurisdictional grounds in the Circuit Court of Jackson'County, Alabama.” See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 706, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) (“A defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding.”); Afassco v. Sanders, 142 So.3d 1119, 1124 (Ala.2013) (noting that a challenge could be raised to the jurisdiction of a foreign court when its judgment was domesticated in Alabama if the defendant never appeared in the proceedings in the foreign court). He asserts that the circuit court’s December 19, 2013, order should be reversed because, he says, the Tennessee judgment was void because the Tennessee court lacked jurisdiction over him.
Although neither party has raised the issue of this court’s jurisdiction, we are required to examine whether we have jurisdiction over this appeal. Wilhoite v. Wilhoite, 897 So.2d 303, 312 (Ala. Civ.App.2004). “The timely , filing of the notice of appeal is a jurisdictional act.” Thompson v. Keith, 365 So.2d 971, 972 (Ala.1978). “Lack of subject matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu.” Ex parte Smith, 438 So.2d 766, 768 (Ala.1983) (citing City of Huntsville v. Miller, 271 Ala. 687, 127 So.2d 606 (1958), and Payne v. Department of Indus. Relations, 423 So.2d 231 (Ala.Civ.App.1982)).
To determine the timeliness of the appeal, we examine the proceedings for domesticating the Tennessee judgment in *237 the circuit court. Section 6-9-232, Ala. Code 1976, provides, in part:
“A copy of any foreign judgment authenticated in accordance with an act of Congress or the statutes of this state may be filed in the office of the clerk of any circuit court of this state. A clerk of any circuit court shall note the filing in a special docket set up for foreign judgments.”
Despite the nomenclature used by Anderson, the June 17, 2013, filing of the Tennessee judgment with the circuit-court clerk did not amount to the filing of a “complaint” that initiated a civil action under Rule 3, Ala. R. Civ. P. Instead, the filing was part of the procedure established by the Act to domesticate the Tennessee judgment. See Menendez v. COLEA, Inc., 862 So.2d 768, 771 (Ala.Civ.App. 2002) (“The [Act] provides a mechanism for the domestication of a ‘foreign judgment’ through its filing in the office of any circuit-court clerk in Alabama.”). Pursuant to the provisions of the Act, the circuit-court clerk sent the required notice of the filing to Evans. Once properly filed, the Tennessee judgment was domesticated and became an Alabama judgment, and Evans was required to treat the judgment as if it had been entered by the circuit court. “A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a circuit court of this state and may be enforced or satisfied in like manner_” § 6-9-232. “[0]nee the judgment is domesticated, [the judgment debtor] must resort to procedures applicable to any other judgment originally entered by a circuit court in order to set it aside.” Greene v. Connelly, 628 So.2d 346, 350 (Ala.1993), abrogated on other grounds by Ex parte Full Circle Distrib., L.L.C., 883 So.2d 638 (Ala.2003).
A-challenge to the jurisdiction of the foreign court differs from a challenge to the procedure used.in Alabama to domesticate the judgment. Bartlett v. Unistar Leasing, 931 So.2d 717, 720 (Ala. Civ. App.2005). There is no contention in this case that the procedures used by Anderson to domesticate the Tennessee judgment were deficient under, the Act; rather, Evans has challenged only the jurisdiction of the Tennessee court to enter the Tennessee judgment. The proper procedure to challenge the jurisdiction of a foreign court to. enter the judgment sought to be domesticated is through a motion seeking to have the judgment declared void under Rule 60(b)(4), Ala. R. Civ. P. Ex parte Trinity Auto. Servs., Ltd., 974 So.2d 1005, 1009 (Ala.Civ.App.2006) (“[T]he appropriate procedural mechanism by which to collaterally attack a foreign judgment on the basis that the judgment is void for lack of jurisdiction is by a motion filed pursuant to Rule 60(b)(4).”).
Because Evans challenged the jurisdiction of the Tennessee court to enter the Tennessee judgment in his July 16, 2013, motion to dismiss, we will consider that motion to have been a properly filed motion under Rule 60(b)(4). Ex parte Alfa Mut. Gen. Ins. Co., 684 So.2d 1281, 1282 (Ala.1996) (applying the principle that an appellate court will look to the substance of -the motion, and not splely to the title listed by the movant, for proper characterization of the motion uncler the Alabama Rules of Civil Procedure). “A Rule 60(b) motion, unlike a Rule 59 motion, is not subject to being denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P.” Banks v. Estate of Woodall, 129 So.3d 294, 297 (Ala.Civ.App.2013) (citing Conway v. Housing Auth. of Birmingham Dist., 676 So.2d 344, 345 (Ala.Civ.App.1996)). Therefore, the circuit court’s order of December 19, 2013, denied Evans’s Rule 60(b)(4) motion. That order was. appealable. See, e.g., Ex parte Keith, 771 So.2d 1018, 1021 *238 (Ala.1998) (“[A] party may appeal the denial of a Rule 60(b) motion.”). Rule 4(a)(3), Ala. R.App. P., provides, in pertinent part, that “[t]he filing of a post-judgment motion pursuant to Rule[ ] ... 59 of the Alabama Rules of Civil Procedure ... shall suspend the running of the time for filing a notice of appeal.” Evans’s January 17, 2014, “motion to reconsider” cannot be construed as a postjudgment motion filed under Rule 59, Ala. R. Civ. P., because,
“[ajfter a trial court has denied a post-judgment motion pursuant to Rule 60(b), that court does not have jurisdiction to entertain a successive postjudgment motion to ‘reconsider’ or otherwise review its order denying the Rule 60(b) motion, and such a successive postjudgment motion does not suspend the running of the time for filing a notice of appeal.”
Ex parte Keith, 771 So.2d at 1022; Ex parte Dowling, 477 So.2d 400, 403-04 (Ala. 1985) (“The denial of a motion under ... Rule 60 is usually appealable. That avenue, then, should be pursued by an aggrieved party. A motion to reconsider cannot be used as a substitute for an appeal.”). Because Evans’s January 17, 2014, motion to reconsider the denial of his Rule 60(b)(4) motion did not toll the time for taking an appeal, Evans had 42 days from the entry of the December 19, 2013, order to file a notice of appeal. Rule 4(a), Ala. R.App. P. The March 10, 2014, notice of appeal was untimely, and we therefore have no jurisdiction over the appeal. Accordingly, Evans’s appeal is dismissed.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. "As used in [the Act], the term ‘foreign judgment’ shall mean any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state.” § 6-9-231, Ala.Code 1975.

. The other two defendants filed similar motions and participated in the proceedings in the circuit court, but they did not file notices of appeal.

. As noted previously, the Tennessee judgment was entered by default.