On Application for Rehearing

MOORE, Judge.
Thirty years ago, our supreme court stated as follows:
“The denial of a motion under Rule 59 or Rule 60[, Ala. R. Civ. P.,] is usually appealable. That avenue,' then, should be pursued by an aggrieved party. A motion to reconsider cannot be used’as a substitute for an appeal. See, Pace v. Jordan, 348 So.2d 1061 (Ala.Civ.App.1977), cert. denied, 348 So.2d 1065 (Ala.1977). This Court has been presented from time to time several instances when losing parties have attempted to get trial judges to reconsider action taken on their post-judgment motions. Most attempt to draft their motions to come within the provisions of Rule 60(b). In view of the fact that this case presents to us that situation, we take this opportunity to point out to the bench and bar that the Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge’s ruling on his own post-judgment motion. However, in some cases such successive post-judgment motions may be permitted. If, for example, the judge has rendered a new judgment pursuant to a Rule 59(e) motion to alter, amend, or vacate a judgment or pursuant to a Rule 50(b)[, Ala. R. Civ. P.,] motion for judgment notwithstanding the verdict, the party aggrieved by the new judgment may have had no reason to make such a motion earlier. In the usual case, after a post-judgment motion has been denied, the only review of that denial is by appeal; a judge has no jurisdiction to ‘reconsider’ the denial. Post-judgment motions made pursuant to Rules 50 and 59, Ala. R. Civ. P., should be properly styled: e.g., ‘Motion for New Trial,’ ‘Motion for Judgment Notwithstanding the Verdict.’ There is no post-judgment motion referred to in our rules as a ‘motion to reconsider.’ ”[1]
Ex parte Dowling, 477 So.2d 400, 403-04 (Ala.1985) (emphasis added).
Three years later, in Vaughan v. Vaughan, 539 So.2d 1058 (Ala.Civ.App.1988), this court held that the supreme court’s holding in Dowling did not apply to a motion filed pursuant to Rule 60(b), Ala. R. Civ. P., and that a party aggrieved by the denial of a Rule 60(b) motion could file a postjudgment motion and that the filing of that postjudgment motion would toll the time for taking of an appeal. On a petition for a writ of certiorari, our supreme court rejected that reasoning, holding:
“After an examination of the petition for writ of certiorari, it is our considered opinion that the writ is due to be denied. We note that Mr. Vaughan’s appeal to *10 the Court of Civil Appeals was not timely. A trial court docs not have jurisdiction to entertain a motion to reconsider the denial of a Rule 60(b), A[la]. R. Civ. P., motion. See Ex parte Dowling, 477 So.2d 400 (Ala.1985). Consequently, the Alabama Rules of Appellate Procedure do not suspend the running of the time for filing a notice of appeal during the pendency of a motion to reconsider the denial of a Rule 60(b) motion. See Spriggs Enterprises, Inc. v. Malbis Plantation, Inc., 502 So.2d 374 (Ala.1987). Mr. Vaughan’s notice of appeal was filed on-February 25, 1988, more than 42 days from December 23, 1987, the date the trial court denied the petitioner’s Rule 60(b) motion.”
Ex parte Vaughan, 539 So.2d 1060, 1061 (Ala.1989) (emphasis added).
Despite that clear pronouncement, this court'erroneously continued to follow its decision in Vaughan. See Alexander v. Washington, 707 So.2d 254 (Ala.Civ.App.1997). In 1998, our supreme court reiterated its earlier decisions:
“We clarify the rule: After a trial court has denied a postjudgment motion pursuant to Rule 60(b), [Ala. R. Civ. P.,] that Court 'does not have jurisdiction to • entertain a successive postjudgment motion to- ‘reconsider’ or otherwise review its order denying the Rule 60(b) motion, and such a successive postjudgment motion does not suspend the running of -the time for filing a notice of appeal. We note, as the Court of Civil Appeals has done on several occasions, that the Alabama Rules of Civil Procedure do not contain any provision for a ‘motion to reconsider’ a ruling on a Rule 60(b) motion.”
Ex parte Keith, 771 So.2d 1018, 1022 (Ala.1998) (emphasis added). Since that time, both our supreme court, see, e.g., Wallace v. Belleview Props. Corp., 120 So.3d 485, 489 (Ala.2012); Truss v. Chappell, 4 So.3d 1110, 1112 (Ala.2008); and Ex parte Jordan, 779 So.2d 183, 184 (Ala.2000), and this court, see, e.g., Evans v. Anderson, 176 So.3d 232 (Ala.Civ.App.2015); Dreding v. Kruse, 141 So.3d 507 (Ala.Civ.App.2013); Young v. Southeast Alabama Med. Ctr., 148 So.3d 429 (Ala.Civ.App.2013); T.K.W. v. State Dep’t of Human Res. ex rel. J.B., 119 So.3d 1187 (Ala.Civ.App.2013); King v. King, 87 So.3d 585 (Ala.Civ.App.2012); R.M. v. Elmore Cnty. Dep’t of Human Res., 75 So.3d 1195, 1205 (Ala.Civ.App.2011); Hardy v. Weathers, 56 So.3d 634, 636 (Ala.Civ.App.2010); Burleson v. Burleson, 19 So.3d 233 (Ala.Civ.App.2009); Attalla Health Care, Inc. v. Kimble, 14 So.3d 883 (Ala.Civ.App.2008); Pinkerton Sec. & Investigations Servs., Inc. v. Chamblee, 934 So.2d 386 (Ala.Civ.App.2005); Favors v. Skinner’s Wholesale Nursery, Inc., 860 So.2d 359 (Ala.Civ.App.2003); and Moser v. Moser, 839 So.2d 664 (Ala.Civ.App.2002), have, consistently followed the holding in Ex parte Keith.
Nevertheless, on rehearing, Wright’s attorney complains that it would be “repugnant, prejudicial, and in .plain error” for this court to enforce the 'law to dismiss Wright’s .appeal .because, he says, the Alabama Rules of Civil Procedure do not plainly set out that a party may not file a motion to reconsider the denial of. a Rule 60(b) motion. Wright’s attorney argues:
“What is extremely troubling is the idea that this; Court of Civil Appéals and the Alabama Supreme Court are responsible totally for- the judicial Rules. After all, both Appellate Courts influence directly or indirectly the Rules of Civil Procedure and Appellate Court Rules.
[[Image here]]
“If these fundamental and material changes were enacted into procedural law, then why were those changes not ‘immediately’- written into the ‘Actual *11 Rules’ for all to see in the location where they should be found in the first place? It was this Court’s responsibility to note such negligent omission to the Supreme Court .so .that it could take immediate action to prevent manifest injustice and the inviting of error. It is true the Supreme Court is more responsible than this body for they hold direct control over these alleged Rules as impacted by their decisions too.
“To hide from these Rules material and fundamental changes to timing of appeals ... is not advancing fundamental fairness or equality of justice —
[[Image here]]
“The Procedural Rules should be well stated without having to resort to case law decisions to fill-in blanks when there is no alerts that blanks need to be ‘filled-in.’” . .
In making that argument, Wright’s attorney displays a monumental misunderstanding of the genesis of the rule set forth by our supreme- court in Ex parte Keith. As pointed out in the emphasized portions of the above-quoted excerpts from Ex parte Dowling, Ex parte Vaughan, and Ex parte Keith, the Alabama Rules of Civil Procedure intentionally omit any procedure for the reconsideration of the denial of a Rule 60(b) motion because such a procedure is not authorized. In explaining that fact in Ex parte Dowling, Ex parte Vaughan, and Ex parte Keith, our supreme court did not make any changes, much less any “fundamental and material changes,” to the Rules of Civil Procedure that would have necessitated an amendment of, or addition to, the rules.
Moreover, it would not be inequitable to enforce the law in. this ease solely because of Wright’s attorney’s ignorance of that law. By issuing over 40 reported decisions on the issue since 1998 alone, the appellate courts of this state have more than adequately notified the members of the bar of the law on this matter. A litigator -exercising reasonable diligence to -provide competent representation to his or her clients should be able to discover the law rather easily through cursory-legal research-. See Ala. R. Prof'l Conduct, Rule 1.1 (“A lawyer shall provide competent representation to a client. Competent representation • requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for' the representation.”). ■ Wright’s attorney seeks to excuse his own failure to learn the law on the ground that the appellate court's have not neatly summarized it in handy rules for his convenience. This court will not further entertain such a frivolous argument.
Rule 60(b), Ala. R. Civ. P., provides, in pertinent part: “Leave to make the motion need not be obtained from any appellate court except during such time as an appeal from the judgment -is actually pending before such court.” As explained in our opinion on original submission, Wright’s attorney moved this court for leave to file a Rule 60(b) motion in the trial court while Wright’s first appeal, see Wright v. City of Mobile, 170 So.3d 656 (Ala.Civ.App.2015) (“Wright I”), was pending before the court. 192 So.3d at 8. This court granted that motion in an unpublished order, stating: “Appellant’s motion for leave to file Rule 60(b), Ala. R. Civ. P., in trial -Court is granted.” Wright’s attorhey thereafter filed the Rule 60(b) motion in the trial court, which motion the trial court denied. Rather than timely filing an appeal from that denial, Wright’s attorney filed an unauthorized motion to reconsider, which the trial court denied without comment. Wright’s attorney then filed an untimely appeal from the denial of the motion to reconsider.
In addition to his frivolous argument above, Wright’s attorney now auda *12 ciously complains that this court invited his error when it granted him leave to file the Rule 60(b) motion without further “clarifying” that he could not file a successive postjudgment motion if the trial court denied that Rule 60(b) motion. Wright’s attorney also argues that the trial court invited his error by denying the motion without informing him that it lacked jurisdiction to rule on the motion. Overlooking the obvious misinterpretation of the invited-error doctrine, see Ex parte King, 643 So.2d 1364, 1366 (Ala.1993) (the doctrine of invited error “provides that a party may not complain of error into which he has led the court”), we find no merit to this argument. The courts of this state have no duty or authority to instruct an attorney on the law or how to practice law. See Bradford v. Birmingham Elec. Co., 227 Ala. 286, 149 So. 729 (1933). Neither this court nor the trial court was obligated to draw Wright’s attorney a procedural road-map or to explain to him the law of which he already should have been apprised in order to assure that he filed a timely appeal. Once again Wright’s attorney is seeking to shift the blame for filing an untimely appeal, which squarely lies with him, to the judiciary, which bears no fault in this matter. Instead of admonishing this court for the perceived “injustice” committed against his client, and “reminding” the court of its duties to the public, Wright’s attorney should recognize his exclusive culpability in causing the dismissal of his client’s appeal.
The office of an application for rehearing is to point out pertinent facts the appellate court might have overlooked or errors of law the court might have committed. See Rule 40, Ala. R.App. P. In Wright I, this court warned Wright’s attorney that an application for rehearing should not be used as a forum for baselessly castigating the judiciary. 170 So.3d at 657 n. 1. The preamble to the Alabama Rules of Professional Conduct provides, in part, that ■
“[a] lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers and public officials. While it is a lawyer’s duty, when necessary, to challenge the rectitude of official action, it is also a lawyer’s duty to uphold legal process.”
Wright’s attorney nevertheless has once again elected to couch his arguments on rehearing in the form of a screed against the court system to which he has sworn fidelity and support, see Ala.Code 1975, § 34-3-15 (setting out attorney oath), obviously, this time, in an effort to draw attention away from his own mistakes. That misguided tactic has not diverted this court from reaching the proper conclusion that the application for rehearing is due to be overruled as lacking any substantive merit.
APPLICATION OVERRULED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. Rule 50, Ala. R. Civ. P., as amended in 1995, renamed the “motion for directed verdict” as a “motion for a judgment as a matter of law” and renamed the “motion for a judgment notwithstanding the verdict” as a "renewed motion for a judgment as a matter of law.”